# Cleveland, Cincinnati, Chicago and St. Louis Railway Co.

## *v.*

## Martin Walter, Admr.

*Filed at Mt. Vernon October 27, 1893.*

1. NEGLIGENCE—*of railway company in the construction of bridges.* In the construction of covered bridges a railway company is required to build them of sufficient height so that persons employed by it as brakemen, who are required to go on top of freight cars in the discharge of their duty, while passing over a bridge, may pass through and under the roof of the bridge without danger to their personal safety.

2. SAME—*instruction and evidence as to the height of a bridge.* In an action against a railroad company to recover damages for the killing of a brakeman by being struck by a brace of the top of a covered bridge, the real question for the jury will be, whether the bridge as constructed was safe, and not dangerous. If the bridge as constructed was of a sufficient height, so that brakemen on the top of the car might cross over the bridge in safety, then it will make no difference whether the bridge was higher or lower than other bridges.

3. In an action against a railroad company to recover for the injury of a brakeman, on the ground of negligence in the construction of a bridge of the defendant, evidence that the bridge was lower than usual with other companies is inadmissible against the defendant, and an instruction making the defendant's liability for the injury depend on the fact that such bridge was lower than the usual height of bridges, is erroneous. But such error may be rendered harmless by an instruction for the defendant, to the effect that the law fixes no exact height or standard for such bridges, but only requires them to be of such height that the employes can perform their duties with reasonable safety to themselves.

4. In such case, where one of the cars used by the defendant was higher than the other cars used, which was relied on as negligence, the court was asked by the defendant to instruct the jury, "that, by law, the defendant was required to haul over its road the high car in question, if it could be, with safety, taken over its road," and "the fact that it was higher than defendant's own cars would not relieve it from its duty in this respect," which was refused: *Held,* properly refused, as there was no such issue in the case.

5. INSTRUCTIONS—*repeating.* There is no error in refusing an instruction, the substance of which is found in another one which is given.

Appeal from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Wabash county; the Hon. S. Z. Landes, Judge, presiding.

This was an action brought by Martin Walter, administrator of the estate of William S. Reed, deceased, against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, to recover damages resulting from the death of William S. Reed, who was killed while in the discharge of his duties as a brakeman on a freight train of the defendant, on July 5, 1891. On a trial in the circuit court the jury found defendant guilty, and assessed plaintiff's damages at $2000, upon which the court entered a judgment. The defendant appealed to the Appellate Court, where the judgment was affirmed.

The negligence charged in the declaration was, in substance, the building and maintaining a covered bridge with insufficient space between the top of the cars and the bottom of the cross-beams at the top of the bridge, and in other respects so constructed as to endanger the safety of brakemen employed on freight trains of defendant passing through said bridge; placing a car of extraordinary height in the train, upon which deceased was working at the time he was knocked off, and failing to maintain a whipping-strap, or other device or means to warn or inform brakemen upon train of defendant that the train was approaching the bridge.

The facts out of which this litigation arose may be briefly stated. On the 5th day of July, 1891, in the forenoon, the defendant's freight train, consisting of sixteen cars, left Mt. Carmel, going north. In the middle of the train was a high car, fourteen feet high. The other cars were eleven feet four inches high. The high car was built to carry wooden-ware, with which it had been loaded and taken to Cairo, and was going back from Cairo at this time loaded with lumber. About twenty miles north of Mt. Carmel is Indian creek bridge, where the accident happened. It is eighteen feet and seven

inches high from the top of the rails to the lower side of the top beams. At the top of the bridge there are the ordinary angling braces, extending from the side posts to the top beams, to brace and strengthen the top of the bridge. The deceased, William S. Reed, was head brakeman on this train. He got upon this car as the train left Mt. Carmel, and remained there until the accident. The last time any of the trainmen noticed him was when the train was about two miles from the bridge, running at the rate of twenty-two miles an hour. Reed, at that time, was sitting on the east side of the high car, at the front end, with his feet hanging down over the side. In this position he was struck on the side of the head by the angling brace, knocked into the creek, and killed.

Messrs. Bell & Conger, for the appellant:

The duty of a railroad company is to build its bridges of sufficient height, so that brakemen, who are required to go upon the top of freight cars, may pass through and under the roof of the bridge without danger. *Railroad Co.* v. *Johnson,* 116 Ill. 209.

The court erred in refusing defendant's fourth instruction, relating to its duty to take and carry the high car.

To recover, the deceased must have been, at the time of the accident, in the exercise of ordinary care for his safety. *Railroad Co.* v. *Lee,* 68 Ill. 580; *Railroad Co.* v. *Johnson,* 103 id. 521; *Railway Co.* v. *McGrath,* 115 id. 176.

Messrs. Mundy & Organ, for the appellee:

As to the negligence of the deceased, the jury passed upon that question, and as there was evidence on both sides in regard to that point, we think this court will sustain its former rulings in numerous cases, that where there was evidence heard by the jury and passed upon by them, with regard to whether or not the defendant was, at the time of the injury, guilty of contributory negligence, the court will not disturb

the verdict. *Pennsylvania Co.* v. *Conlan,* 101 Ill. 93; *Railroad Co.* v. *Haskins,* 115 id. 300; *Railway Co.* v. *Hoffinger,* 10 Ill. App. 252; *Railroad Co.* v. *Clark,* 11 id. 104; *Brewing Ass.* v. *Hamilton,* 41 id. 481; *James* v. *Johnson,* 12 id. 286.

Reed can not be deemed by the court to have known of the danger. If a person is in a position of danger and does not know and appreciate the same, then he is not precluded from recovering, though he was in a dangerous place voluntarily.

On the question of the company's liability for the death of a brakeman on a high car and overhead bridge, this court has considered cases, and other high authority has also passed upon this question. *Railroad Co.* v. *Johnson,* 116 Ill. 206; *Railroad Co.* v. *Mathews,* 39 Ill. App. 541.

Mr. Justice Craig delivered the opinion of the Court:

The first error complained of is the decision of the court admitting the testimony of the witness McClintock, who testified to the height of ordinary railroad bridges, and the decision of the court in giving plaintiff's instruction No. 3, as follows:

"The court instructs you, that if you believe, from the weight of the evidence in this case, that William S. Reed, deceased, was riding up on top of a car in the train of the defendant, and was at the time in the discharge of his duty as brakeman for the defendant, and was not acting in violation of any rule of the defendant, and was in a proper position and place on the car for the performance of his duties, and was in the exercise of due care, and he was killed by coming in contact with the top of a bridge of the defendant railroad company while passing under it, and if the roof of such bridge was lower than the usual height of such bridges, and that he, William S. Reed, by reasonable care and foresight, could not have known it was dangerous to attempt to pass under, then the defendant railroad company is liable for damages to the administrator of said deceased for such killing."

In the construction of covered bridges the railroad company was required to build them of sufficient height, so that persons employed by it as brakemen, who are required to go on top of freight cars in the discharge of their duty, while passing over a bridge may pass through and under the roof of the bridge without danger to their personal safety, as was held in *Chicago and Alton Railroad Co.* v. *Johnson,* 116 Ill. 206. But the mere fact that this bridge was lower than ordinary railroad bridges would not establish the fact that the bridge, as constructed, was dangerous, and hence the evidence was inadmissible. The evidence might tend to prove that the railroad company was negligent in failing to follow the plan usually adopted by other railroads, but it would even be slight evidence of that fact. As to the instruction, it was, in our opinion, erroneous. Under the instruction, if the roof of the bridge was lower than the usual height of such bridges, then the railroad company was liable. The real question for the jury was, whether the bridge, as constructed, was safe, and not dangerous. It might be lower than other bridges and at the same time be safe. If the bridge, as constructed, was of a sufficient height so that brakemen on the top of the car might cross over the bridge in safety, then it made no difference whether it was higher or lower than other bridges.

But while we regard the instruction as erroneous, the law was so clearly and pointedly stated in defendant's first instruction that we do not think the jury was misled, and hence the error should not work a reversal of the judgment. The defendant's first instruction was as follows:

"The court instructs the jury, that the defendant company, under the laws of Illinois, is not required to build its bridges of such height that its brakemen can stand on them (on the cars) and pass through and under them with safety. The law fixes no exact height or standard, but only requires that such bridges shall be of such height that the employes can perform their duties with reasonable safety to themselves."

Under this instruction the exact height was not a material consideration, but the material consideration was, whether the bridge was of sufficient height that brakemen could discharge their duties with reasonable safety.

The court refused the following instruction, and the ruling is relied upon as error:

"The court instructs the jury, that by law the defendant was required to haul over its road the high car in question, if it could be with safety taken over its road. The fact that it was higher than defendant's own cars would not relieve it from its duty in this respect."

Whether the defendant owed a duty to some other railroad company or some individual in reference to hauling this car over its road, was not a matter material to any issue involved in this case, and upon that ground, if upon no other, the instruction was properly refused.

As to instruction No. 5, its substance was embraced in No. 1, and there was no necessity for repeating the same matter in another instruction.

The court modified defendant's sixth instruction by inserting the following: "And that the top of said bridge and brace was of a reasonably safe height above the track of the road." We perceive no substantial objection to the modification. The same principle was announced in other instructions, and it could not mislead the jury by being incorporated in this one.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. Justice Phillips, having heard this cause in the Appellate Court, took no part in the decision here.