## Theodore Schwarz, Successor to George C. Lazear, Receiver of the D. Eggleston & Son Co., v. Arville S. Adsit et al.

1. NEGLIGENCE—*In Failing to Protect Adjacent Premises from Falling Walls.*—The law requires the proprietor of a building, which has been destroyed by fire, to use reasonable care to prevent the walls of such building from injuring adjacent premises by falling upon them.

2. SAME—*Duty Required of Owners of Standing Walls.*—Where the walls of a building destroyed by fire and left standing in a dangerous condition by the proprietor are blown down by a wind storm and adjacent property injured, such proprietor is not exempt from liability because of the storm which throws down the walls, if he has not done all that a reasonably prudent man ought to do to make such walls reasonably secure and to protect adjacent premises from injury.

3. ACT OF GOD—*Where a Loss or Injury is Due.*—A loss or injury is due to the act of God, when it is occasioned exclusively by natural causes.such as could not be prevented by human care, skill and foresight.

4. APPELLATE COURT PRACTICE—*When the Question of Excessive Damages Can Not be Raised.*—Where the question of excessive damages was not raised in the court below or assigned for error in the Appellate Court, it will not be considered.

Action on the Case, for damages caused by falling walls. Appeal from the Superior Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed November 8, 1900.

N. M. JONES, attorney for appellant.

SWIFT, CAMPBELL & JONES, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

The judgment appealed from was recovered by the appellees in a suit brought by them, in trespass on the case, for damages sustained by the falling of a wall of appellant's building upon the premises of appellees, thereby occasioning the injury complained of. The declaration consisted of two counts. The first count alleged, in substance, the location of the respective premises of the parties as adjoining each

other; that a fire occurred in the building of the appellant (May 1, 1895); that the fire left the walls of appellant's building in an unsafe and dangerous condition, and liable to fall upon appellees' premises, of all of which appellant had notice; that it then became the duty of appellant to put the walls of his said building in a safe condition so they would not fall and injure adjoining property; that appellant failed to put his said walls in a safe condition, by reason of which neglect the north wall of appellant's building fell (May 13, 1895) upon appellees' dwelling house, greatly injuring the same. The second count is similar to the first, with the added allegation that by a building ordinance of the city of Chicago, passed March 13, 1893, establishing what is known as the department of buildings, the commissioner of buildings, as head of such department, is authorized, if he finds any building or any part thereof in such condition as to endanger life, to cause the same to be taken down or rendered safe after having served written notice upon the owner, occupant or agent of said building personally; that after the aforesaid fire had occurred said commissioner notified appellant to place his said building in a good and safe condition, and especially to brace the north and south walls thereof; that it then became the duty of appellant to put said north and south walls in a safe condition; that he neglected so to do, and in consequence of his said neglect the north wall of appellant's said building fell upon appellees' said premises and injured them, as stated in the first count of the declaration. Appellant interposed the defense that he protected the wall in such a safe and prudent manner that no negligence could be imputed to him by reason of the falling of the wall, and hence he was not liable to appellees in damages by reason of the injury.

Appellant contended further that inasmuch as the commissioner of public buildings had ordered him to place his said building in a safe condition, and that as an inspector from the commissioner's office had approved the measures appellant had taken to strengthen the walls thereof, he was not liable for any damages caused by the falling of the

wall. The jury found the issues for appellees and rendered a verdict in their behalf for $626.04, upon which judgment was entered.

Appellant in his brief expressly relies on only the fourth, fifth, sixth and seventh of his assigned errors. The fourth assigned error is to the effect that the court refused to give appellant's first and second instructions.

The first of said two instructions was in substance embodied in the fourth instruction that was given for the appellant, which was as follows:

"4th. Further, that if they believe from the evidence that the north wall of the building, which was burned about May 1, 1895, was blown down by a wind storm on or about May 13th, without any fault or neglect of defendant, and that the falling of the wall could not have been prevented by reasonable and prudent propping or bracing of said wall, then they should find for defendant."

There was no necessity for repeating the same matter in two instructions, and it was not error to refuse to do so. C., C. & St. L. Ry. Co. v. Walter, 147 Ill. 60; Day v. Porter, 161 Ill. 235.

The second of said two refused instructions referred to a state of facts with reference to the action taken by the city of Chicago, as to the walls, which finds no basis either in the declaration or the evidence.

Undoubtedly the building ordinance of the city of Chicago empowered the commissioner of buildings to notify the appellant of the unsafe condition of the walls and to properly brace them and put them in a good and safe condition; and he seems, by the evidence, to have done so, and subsequently to have approved the work that was done in that direction. But it nowhere appears in evidence, nor is it so stated in the declaration, that the building commissioner, or any one for him, took the walls into his charge and control, as the instruction predicates. The suit was for the neglect of appellant in his duty with reference to the wall; and whether the building department of the city did more or less than its duty in the premises or not, is not an issue in the case. Neither the declaration nor

the evidence in support thereof proceeds upon any theory except the neglect of duty by the appellant. What the building commissioner may have done in the premises was proper evidence, and if the instruction had stopped at that point it would doubtless have been given; but it went further, as above indicated, and was properly refused.

The fifth assigned error questions the sufficiency of the evidence to sustain the verdict, and seems to be argued with the sixth, which embodies the proposition that, because the walls were propped under the direction of the city the appellant was freed from liability. We have, perhaps, said all about this last proposition that is necessary.

Whether a person upon whom a duty devolves has done all that a reasonably prudent man ought to do to relieve him from liability, is a question of fact, and was controverted at the trial of this case. An attempt was made to make the walls secure, but the jury has found, from the evidence, that what was done was not all that should have been done by a reasonably prudent man charged with a duty to make them reasonably secure, and we think from a reading of the evidence the jury were clearly right.

It is argued, under the seventh assigned error, that the falling of the wall was attributable to causes that come under the legal definition of an act of God, and therefore appellant is not liable. We do not think the contention is raised by the seventh assignment of error, which is:

"Seventh. In entering judgment upon the verdict and proofs in said cause."

But if it might, possibly, be thought otherwise, we do not regard the point as well taken.

Our Supreme Court, in Wald v. P., C., C. & St. L. R. R. Co., 162 Ill. 545, holds that a common carrier is not exempt from liability for a loss which takes place because of an act of God, if the carrier has been guilty of any previous negligence which brings the property in contact with the destructive force of the *actus Dei*, or unnecessarily exposes it thereto, and adds a seeming definition of an act of God, as follows:

580        APPELLATE COURTS OF ILLINOIS.

VOL. 91.]  Ry. Pass. & Ft. Conductors' Mut. Aid Ass'n v. Thompson.

" A loss or injury is due to the act of God when it is occasioned exclusively by natural causes such as could not be prevented by human care, skill and foresight."

In the case at bar, the falling of the wall was not because alone of the high wind that prevailed on the day of the accident, but because of that, coupled with the previous neglect by the appellant to properly brace and prop the wall.   The wall was known by appellant to be in a dangerous condition, and he undertook to secure it; but the jury found, under appellant's fourth instruction, quoted above, that its fall could have been prevented by reasonable and prudent propping and bracing.

Appellant, in his brief, claims that in no event should he be charged with more than an amount equal to about $40 less than the judgment.

Excessiveness of damages is not assigned for error in this court, and does not appear to have been raised in the court below.   We can not, therefore, consider it.   Jones v. Jones, 71 Ill. 562; Curran v. Foley, 67 Ill. App. 543, and cases there cited.

We fail to discover any material error in the record, and the judgment is affirmed.