## Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company v. Mollie Bovard, Administratrix.

### Gen. No. 11,974.

1. SPECIAL FINDING—*when conclusive.* A special finding is deemed conclusive on appeal where it is not attacked in the written motion for a new trial specifying grounds therefor, nor in the assignments of error.

2. FELLOW SERVANTS—*what essential to relation of.* In order that servants be regarded as fellow servants, they must be employed by a common master; likewise they must, at the time of the accident, have been co-operating with each other in the particular work in hand, or else their relations toward each other must be such that they could exercise upon each other a mutual influence promotive of proper caution.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the Hon. EL-BRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed May 29, 1905.

**Statement by the Court.** This is an appeal by the defendant (the appellant) from a judgment of the Superior Court of Cook County rendered on the verdict of a jury against it in favor of the plaintiff (the appellee) for $5,000.

The appellee sued under the statute as administratrix for negligence causing the death of the intestate, her husband.

The first count of the declaration alleged that the defendant so negligently managed a locomotive engine, by its servants, as to kick a caboose car down an inclined track controlled by said defendant, run it upon the deceased, George Bovard, "while with all due care and diligence he was walking along said tracks with the knowledge and consent of the defendant," and thereby throw him against another locomotive and kill him.

4

An additional count alleged that the defendant was doing certain switching with an engine and caboose, in the railroad yards of a certain other railroad company in Chicago, and so negligently managed said engine and caboose in doing said switching that the caboose was kicked with great force down an inclined track against another engine, and "that the deceased was then employed by said other railroad company to work in said yards, and while in the discharge of his duty as such employee, and while exercising ordinary care for his own safety he was then and there caught and so crushed and injured by and between said caboose and engine that as a result of his injuries he died.

The defendant pleaded the general issue. On the trial the jury were requested to return an answer to this question: "In view of all the evidence and instructions of the court, was the deceased at and before the time of the injury in question a fellow servant of or with the engineer, fireman, conductor and switchmen who belonged to said engine by which said caboose was kicked down said track?" To this question with their verdict they returned the answer "No."

The defendant moved for a new trial on these grounds: 1. The court's admission of improper evidence for the plaintiff. 2. The court's exclusion of proper evidence for the defendant. 3. The court's allowing counsel for plaintiff to argue the question of damages in his closing address to the jury. 4. The court's refusal to allow counsel for defendant to address the jury in reply to the closing address of plaintiff's counsel on the question of damages. 5. The court's refusal to take the case from the jury at the conclusion of the evidence by a peremptory instruction for the defendant. 6. The court's giving of erroneous instructions asked by plaintiff. 7. The court's refusal of a proper instruction requested by defendant. 8, 9, 10 and 11. That the verdict was against the evidence, the great weight and preponderance of the evidence, the law of the case, and the instructions of the court. 12. That the damages awarded were excessive. 13. That the jury were misled by the closing argument for the plaintiff.

The court overruled the motion for a new trial and entered judgment on the verdict for $5,000. From this judgment the defendant appealed to this court, assigning as error here the overruling by the trial court of the motion for a new trial.

GEORGE WILLARD, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The attack made by appellant on this judgment centers principally in the proposition made by it, that the deceased and the men handling the caboose at the time of the accident were fellow-servants. So "clearly and unquestionably" were they so, its counsel argue, that the trial judge should have directed a verdict for the defendant according to the instructions asked by it at the close of all the evidence, under the doctrine announced in Chicago City Ry Co. v. Leach, 208 Ill., 198.

Further it is said, that error was committed by the court in refusing instruction numbered one, asked by the defendant, as follows:

"If the jury believe from the evidence that at the time in question the defendant with its engines and caboose occupied, and for several years previous thereto customarily occupied, a portion of the said Fort Wayne yard, and that the switching of said caboose and the tending of switches for such work of switching was subject to the control and direction of the yard master, Carne, and that the deceased, in his lifetime and at the time in question, tended some of the switches used in the movements of the engine which did said switching at said time, and that such switching and tending switches at said time was subject to the control and direction of said yard master, then the deceased and said yard master, Carne, were in law the servants of the defendant in the matter of such work of switching and tending switches."

To have given this instruction would have indicated that the trial judge held the same view concerning the question of

fellow-servants in the case that counsel for appellant held. If he did not, its refusal was inevitable.

The objection made by appellant that parts of the argument of appellee's counsel to the jury were misleading and erroneous in their statements of law, derives its point also from the theory of "fellow-servants," which appellant believes applicable to this cause.

To all these grounds for attacking the judgment the answer is made by appellee that the proposition that the deceased and appellant's servants in charge of the engine and caboose which caused his death, were fellow-servants, cannot be raised in this court. The question is foreclosed against appellant, she insists.

In answer to the question specifically put, the jury found that the deceased at and before the time of the injury in question was not a fellow-servant of or with the engineer, fireman, conductor and switchmen who belonged to said engine by which the caboose was kicked down the track. This special finding must be considered in this court as unchallenged, and as determining the fact, appellee says, because appellant neither alleged in his motion for a new trial nor in his assignments of error, that it was not supported by the evidence or was contrary thereto. To this counsel cites several cases: Avery v. Moore, 133 Ill., 77; Penn. Coal Co. v. Kelly, 156 Ill., 15; Empire Machine Co. v. Brady, 164 Ill., 61. These cases seem to bear out this contention. Such also is the implication in Illinois Steel Co. v. Mann, 197 Ill., 186, in which the court says: "A party is no more bound by special findings of a jury than by the general verdict, and if he believes that the jury have erred, he is entitled to his motion for a new trial *on that ground,* and may take his appeal."

But even if the charge made in the motion for a new trial, and in the assignments of error, that the general verdict was against the weight of the evidence, should be considered to so sufficiently challenge this special finding as to leave its correctness open to our inquiry, it would make no difference

to the result, for we entirely agree with the jury in its conclusion formulated in the special finding.

The evidence did not, in our opinion, show either that the deceased was a servant of the same master as the persons involved in the alleged negligence, or that he was co-operating with them at the time of the accident in the same work, or that he was ever in such relations with them that he could exercise upon them, or they upon him, any mutual influence promotive of caution.

The claim that the men in charge of the caboose and the deceased were fellow-servants of the Pan Handle Road, because the yard master of the Chicago, Pittsburgh & Ft. Wayne Road had over both of them a certain direction and control, while the caboose crew, as employees of the Pan Handle, were in his yard with their engine and train, is manifestly unsound. The analogy suggested by appellee's counsel of a person who boards his horse at a livery stable is not inapt. So far, therefore, from believing that the deceased and the men handling the caboose were "clearly and unquestionably fellow-servants," we think that they were clearly and unquestionably *not* fellow-servants, and that to leave the question to the jury, under the instructions which were given them on the subject, was a course more favorable to the appellant than it had a right to require.

Our opinion upon this matter practically removes from this case all the questions raised by appellant except that of damages, and the ruling of the court in relation to the arguments thereon. We will say, however, that we see no error in the instructions. The instruction numbered 2, given at the instance of appellee, is not open, we think, to the objections made to it. In connection with the others it could not have misled the jury.

We do not regard the damages as excessive. It is sufficient to say in relation to the objection made, that the court should have prevented counsel for appellee from arguing the question of damages in his last address to the jury, or have allowed appellant's counsel to reply, that there is nothing in the record sufficient to show the basis of such complaint,

namely, that the subject of damages had not before in the argument been discussed.

Manifestly the quotations from counsel's remarks to the trial court, given in the reply brief of appellant, do not sufficiently show it. They are but the statements of counsel to that court in argument, and however unimpeachable his character for veracity, we cannot take them as the certified record of a fact. But we do not mean to imply that we should hold, even if the fact in question did appear in the bill of exceptions, that the court's action was erroneous.

The judgment of the Superior Court is affirmed.

*Affirmed.*