# CASES

## ARGUED AND DETERMINED

### IN· THE

# SUPREME COURT OF ILLINOIS.

THE SUPERIOR COAL AND MINING COMPANY

*v.*

FRANK KAISER.

*Opinion filed October 23, 1907.*

1. MINES—*when miner cannot be said to have assumed risk of injury.* A miner engaged in loading coal in an entry cannot be said to have assumed the risk of the falling of coal from the face of the entry, where both the plaintiff himself and the defendant's mine manager examined the face of the entry the morning of the injury and regarded it as safe, and the plaintiff did nothing, and knew of nothing being done afterwards, to change its safe condition.

2. SAME—*what amounts to failure of defendant to discharge its duty to plaintiff.* Failure of a mine manager to examine a cross-cut, which was being made between entries, except by its appearance alone, when a more careful examination would have disclosed the fact that it extended beyond the face of one entry and rendered work near the face of such entry unsafe, is a failure by the mining company to discharge its duty to a miner required to work at the face of the entry.

3. SAME—*a miner is not required to make inspection for latent defects.* A miner engaged in loading coal in an entry must take· notice of patent defects in the face or ribs of the entry but is not bound to make an inspection for latent defects, and may assume that the company has used reasonable care in driving a cross-cut

toward such entry and has examined it for danger before permitting him to go work.

4. SAME—*when the question of fellow-servants is for the jury.* Whether a miner engaged in loading coal in an entry is a fellow-servant of the machine runners and shooters working in a cross-cut toward such entry is a question of fact for the jury, where the evidence is that the former did not work in the cross-cut at any time.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

Appellee was employed as a coal miner by appellant, the Superior Coal and Mining Company, which operates a coal mine south-west of Belleville. Two parallel entries were being run in the mine toward the west, and were known as the fifth west entry and the sixth west entry. The fifth west entry extended further to the west than the sixth. A cross-cut was being run from the fifth west entry to intercept the sixth west, extending from the fifth toward the north and being of the width of about nineteen feet. The entries were about twenty-four feet wide. In driving the cross-cut through to the sixth west entry the intersection occurred in such way that a portion of the cross-cut went through the south rib of the sixth west entry, leaving a hole or opening from the cross-cut into the entry. Appellee, in his declaration, states that appellant "carelessly and negligently directed, allowed and permitted said cross-cut to be developed in advance of and so close to the rib and face of the said sixth west entry as to loosen, crack and weaken the rib and face of the said sixth west entry at a point where the plaintiff was at work." It is further averred that in consequence thereof appellee was injured, and that appellant had notice of this condition or by the exercise of due care and caution might have known it; also that appellee was exercising due care for his own safety and did not know of the dangerous condition. Appellant contends

that the development of the said cross-cut did not extend beyond the line coinciding with the south rib of the sixth west entry,—in other words, that the face of the coal in the cross-cut, when finished, was straight in line with the south rib of the sixth west entry.

The method of mining used in the sixth west entry and in the cross-cut was by cutting under with a machine and shooting down with powder. The last cutting by the machine in both the entry and the cross-cut was done on November 2, 1905, and the last shooting done in both the entry and the cross-cut prior to the injury was on the afternoon of the same day. On the morning of November 4, 1905, appellee went to his place of work at the sixth west entry, and according to the testimony of himself and his "buddy" he examined the coal in the face of the entry, inspected it and sounded it with his pick. He concluded it was safe and went to work loading coal. About ten o'clock of the same day, while he was engaged in loading coal, his right foot was injured by a fall of coal from the face of the sixth west entry. Appellant's mine manager testified that he was in the cross-cut and the sixth west entry on the morning of the injury, prior to appellee's arrival; that he examined the coal in the face of the sixth west entry and that it looked solid to him; that it was shot but it was safe. He also testified that the coal in the face of the cross-cut was perfectly solid, and he states that he did not examine it. Appellee did not examine the coal in the face of the cross-cut, and testifies that he did not know that the cross-cut extended in advance of the face of the west entry.

The case was tried by a jury in the circuit court ar ` a judgment rendered in favor of appellee, and against appellant, for $1000. Motions to set aside the verdict and for a new trial were overruled, and appellant prosecuted an appeal to the Appellate Court for the Fourth District, where the judgment was affirmed. By its further appeal appellant brings the record to this court for review.

SCHAEFER, FARMER & KRUGER, for appellant.

WEBB & WEBB, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

It is admitted that appellee was injured by a fall of coal at the time and place alleged in the declaration. He bases his right of recovery upon the theory that his injuries are directly attributable to the carelessness and negligence of appellant in failing to exercise reasonable care and caution to provide him with a reasonably safe place in which to work, by allowing the cross-cut to be developed in advance of and so close to the rib and face of the sixth west entry as to loosen, crack and weaken the rib and face of the entry at the point where he was at work.

At the close of appellee's evidence, and again at the close of all the evidence, appellant asked the court to instruct the jury to return a verdict of not guilty. This the court refused to do, and it is contended that such refusal was error, because the evidence, with all the legitimate and natural inferences which may be drawn therefrom, was insufficient to sustain the verdict for appellee.

It is first insisted that "the appellee assumed the risk of the injury from the negligence charged in the declaration." The evidence shows that appellee, on the day of the injury, examined the coal in the face of the sixth west entry before beginning work and that it appeared to be solid and safe. The appellant's mine manager says that he examined the face of the sixth west entry on the same morning, before appellee arrived, and that it was safe. If, upon examination by two experienced miners, the ribs and face of the entry where appellee worked presented the appearance of safety, the jury were justified in finding that appellee did not assume the risk, and that he had exercised due care and caution for his own safety. When he examined the coal in the face of the entry where he was to work and found

it apparently safe, he had the right to assume that appellant had discharged its duty toward him in reference to any dangers that might arise from the proximity of the cross-cut to his entry. Appellant's mine manager had been in the cross-cut on the morning of the injury, but he admits that he did not sound the face of the coal in the cross-cut, and determined from its appearance alone that it was solid. If he had made a thorough examination of the face the danger might have been discovered by him and the injury averted. The failure to do so was a failure to discharge the duty which rested upon appellant to use reasonable care and diligence to ascertain that appellee was being provided with a safe place in which to work. While appellee was bound to take notice of defects which were patent, he was not required to make an examination for hidden defects, and he might properly act upon the presumption that appellant had used reasonable care in developing the cross-cut and that it had examined it for danger before permitting him to go to work. (*Hines Lumber Co.* v. *Ligas,* 172 Ill. 315; *Leonard* v. *Kinnare,* 174 id. 532; *City of LaSalle* v. *Kostka,* 190 id. 130; *Himrod Coal Co.* v. *Clark,* 197 id. 514.) The rule that the servant assumes the ordinary risks incident to the work or business in which he is engaged, presupposes that the master has performed the duties of care, caution and vigilance which the law places upon him. *Western Stone Co.* v. *Muscial,* 196 Ill. 382.

It is insisted that the rule which requires the master to furnish a safe place to work does not apply in the case at bar, for the reason that this rule cannot be invoked in that class of cases in which the servant is employed in constantly producing changes and temporary conditions for the time being more or less hazardous. To this we cannot assent. This rule does not apply here, for the reason that appellee had no part in producing the condition which led to his injury. He watched the condition of the face of the entry where he was employed. The dangerous condition was

developed in another locality by the development of the cross-cut. He had not worked upon the face of the entry between the time he examined it in the morning and the occurrence of the injury. He had produced no change in that regard. He was occupied in loading coal that had been cut out· by the machine.

Appellant urges that the negligence charged in the declaration in this case is not shown by the proof to have been the proximate cause of appellee's injury. The substance of the charge referred to in the declaration is, that the condition which led to the injury was produced by the development of the cross-cut in advance of the sixth west entry and by the shooting of coal at that point, whereby the face of the entry was weakened so that it fell and produced the injury. We have examined the evidence in the record with reference to this point, and we are unable to agree with appellant that there was no evidence which fairly tends to support the declaration.

Appellant contends that appellee and the machine runners and shooters working in the sixth west entry and the cross-cut were fellow-servants. This statement is not in accord with the facts. The evidence is that appellee did not work in the cross-cut at any time. The only theory on which appellant can invoke the fellow-servant rule is, that appellee, working in the sixth west entry, and the machine runners and shooters working in the cross-cut, were fellow-servants. Under the evidence in this case the question of fellow-servants is one of fact to be determined by the jury. Therefore the judgment of the trial court, and its affirmance by the Appellate Court, are conclusive upon us on this point.

We find no error in the record and the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*