## T. E. Tate, Appellee, v. Missouri Pacific Railway Company, Appellant.

1. PRACTICE—*when special finding cannot be complained of.* If a special finding is not objected to, it cannot be questioned on review.

2. APPEALS AND ERRORS—*what not equivalent to objection to special findings*. To assign as a special ground for a new trial that the verdict is against the weight of the evidence applies only to the general verdict. Such procedure does not raise any question with reference to special findings.

3. APPEALS AND ERRORS—*when special findings cannot be complained of*. If a party in the trial court has made a motion for judgment upon the special findings by the jury, by so doing he has treated such findings of the jury as correct and he cannot thereafter be heard to say that any of them are erroneous or not based on the weight of the evidence.

4. COMMON CARRIERS—*burden to establish limitation of liability*. The burden is upon the carrier to show the assent of the shipper to the terms of the contract limiting its common law liability.

5. COMMON CARRIERS—*when act of God does not relieve liability*. A common carrier is not exempt from liability by a loss occasioned by an act of God if such carrier has been guilty of any previous negligence which brings the property in contact with the destructive force or unnecessarily exposes it thereto.

6. COMMON CARRIERS—*when guilty of negligence*. A carrier is guilty of negligence in accepting stock for shipment when it knows or ought to have known that it could not handle the stock to destination within a reasonable time.

Action in case. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed August 5, 1910.

L. O. WHITNEL, for appellant; MARTIN L. CLARDY, of counsel.

KRAMER, KRAMER & CAMPBELL, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This is the second appeal in this case to this court by the Missouri Pacific Railway Company from the circuit court of St. Clair county. The judgment from which this appeal is taken is for the sum of $1,370 and for costs of suit. A full and comprehensive statement of the case as it appeared in this court on the first appeal will be found in the decision of this court in the case in 143 Ill. App. 289. After the cause was reversed and remanded to the circuit court the issues remained the same except that plaintiff, by leave of court, filed an additional replication to the defendant's sec-

Tate v. Missouri Pacific Ry. Co., 157 Ill. App. 105.

ond plea, replying that the appellant negligently and wrongfully accepted the shipment of horses with knowledge that it was impossible to transport the same to destination within a reasonable time by reason of the extraordinary rains and floods mentioned in said plea having washed away and impaired the trestles, tracks and bridges of appellant between Council Grove and destination; and negligently carried said horses a great distance of the way and away from Council Grove into said floods and washouts, from which they could not be further carried, until repairs were made, and thereby contributed to the delay and damage and injury complained of, etc. In the last trial before the Circuit Court the jury upon interrogatories submitted by defendant made five special findings, to wit:

(1) The rain which fell from the 15th to the 20th of September, 1905, in the states of Kansas and Missouri along defendant's line was an extraordinary and unprecedented rain in that locality; (2) defendant's roadbed and tracks were so damaged by said extraordinary rain and flood as to prevent appellant moving trains over the same during the time intervening from the 16th to the 20th days of September, 1905; (3) the defendant used diligence in repairing its tracks and roadbed and moving said stock forward after such repairs were made; (4) the plaintiff, T. E. Tate, did not enter into and assent to the contract in evidence without the use of fraud or artifice on the part of the defendant or its agents; (5) the plaintiff did not serve notice in writing on defendant's agent, of claim for damages within twenty-four hours after the delivery of said stock at destination.

It is insisted by appellant that the general verdict of the jury is inconsistent and irreconcilable with the special findings of the jury; and that the court erred in overruling defendant's motion for judgment in its favor on the special findings of the jury. Appellant also insists that the special finding No. 4, that the plaintiff did not assent to the contract in evidence, etc., is manifestly against the weight of the evidence, and that it should be considered here as if ap-

pellee assented to the terms of the agreement he signed at the time of the shipment of the stock, that is to say that the defense set up in the third and fourth pleas of the defendant are established, and the right of 'appellee to recover in this suit is barred. The record discloses that there is ample evidence to sustain the jury in their finding as to this fourth special interrogatory. The defendant made no objection to this finding in the court below; and, therefore, it is not in any position to object to or question this finding of the jury in this court. A special finding must be held conclusive on appeal where it is not attacked in the written motion for a new trial specifying grounds therefor. Assigning as a special ground for a new trial that the verdict is against the weight of the evidence applies only to the general verdict. It does not raise any question with reference to the special findings. Neither does the assignment that the general verdict of the jury is inconsistent and irreconcilable with the special findings of the jury raise any question or objection as to the correctness of the special findings. The attitude of the defendant in the lower court was rather to the effect that the special findings of the jury were all correct and that the general verdict of not guilty was wrong and irreconcilable with the special findings; and that it was entitled to a verdict upon the special findings, notwithstanding the general verdict of not guilty. The defendant in fact made a motion for judgment upon the special findings by the jury, and having treated these findings of the jury in the lower court as right, it cannot be heard to say in this court that any of them are erroneous or not based on the weight of the evidence. Avery v. Moore, 133 Ill. 74; Empire Machinery Co. v. Brady, 164 Ill. 58; Voigt v. Anglo-American Provision Co., 104 Ill App. 423 and 202 Ill. 462; Pittsburgh C. C. & St. L. Ry. Co. v. Bovard, 121 Ill. App. 49; The Penn. C. Co. v. Kelley, 156 Ill. 9.

The defendant being bound by the finding of the jury on the fourth special interrogatory to the effect that the special contract signed by the appellee and limiting the liability of the appellant, was not consented to by appellee, it must

be held that the appellant has failed to make good its third plea. The burden is upon the carrier to show assent of the shipper to the terms of a contract limiting its common law liability. The fact that appellant had two kinds of contracts and two different freight rates, and that the appellee signed the "Shippers risk" contract, could avail appellant nothing in this case, unless notice thereof had been brought home to appellee. C. & N. W. Ry. Co. v. Chapman, 133 Ill. 96; Wabash R. R. Co. v. Thomas, 222 Ill. 337; The Erie Ry. Co. v. Wilcox, 84 Ill. 239; Balt. & O. S. W. R. R. Co. v. Fox, 113 Ill. App. 180.

For the same reason the defense set up in appellant's plea No. 4, with reference to the failure of appellee to give written notice of his claim for damages to be served on appellant within one day after the delivery of the stock at destination, etc., must fail. The special finding of the jury is to the effect that appellee did not assent to the contract. Wabash R. R. Co. v. Thomas, 222 Ill. 337.

We think the jury were clearly warranted in finding for the plaintiff. The jury made special findings that the rains along the defendant's lines were extraordinary and unprecedented and that the defendant's roadbed and tracks were so damaged thereby as to prevent its moving trains over the same during the time intervening from the 16th to the 20th days of September, 1905. The evidence supports this finding and the defendant concedes it. The evidence also shows that the defendant had full notice of this fact when it billed and shipped this stock at 8 :20 o'clock A. M. of September 17th. The steel bridge across Lamine River at Otterville, Missouri, east of Kansas City, and two hundred feet long, washed down stream two hundred feet at five o'clock A. M. on September 17th, more than three hours before the stock were shipped from Council Grove. The water was running over the deck of this bridge eight hours before the horses were shipped. J. W. Brooks, a witness for the defense, testified that the washout of the dump and steel bridge there was near a half mile long, and that the last train that undertook to cross there failed and had to back away from the wash-

out about four o'clock on Sunday morning, September 17th. The evidence also clearly shows that the defendant's train dispatcher had notice of the impassable condition of its road long before the stock were shipped from Council Grove. J. W. Stewart, one of appellant's foremen, received notice of the washout between four and five o'clock of the morning of the 17th, and he was one hundred and fifty miles east of Kansas City. F. D. Hausgen, appellant's superintendent of bridges, who was two hundred and fifty-seven miles east of Kansas City, was notified thereof at 7 o'clock of the 17th. Council Grove was a telegraph station, and the train dispatcher and the superintendent of the road, although fully informed of the condition of this road for hours before the stock were shipped, failed to notify the agent at Council Grove and prevent the shipment of stock or other such freight and save it from being exposed to these impassable floods and washouts. The common carrier is not exempt from liability for the loss occasioned by an act of God if the carrier has been guilty of any previous negligence which brings the property in contact with the destructive force or unnecessarily exposes it thereto. Wald v. P. C. C. & St. L. R. R. Co., 162 Ill. 545; Schwartz, etc., v. Adsit, 91 Ill. App. 576; Sandy v. Lake St. E. R. R. Co., 235 Ill. 194.

Appellant was guilty of negligence in accepting the stock for shipment when it knew or ought to have known that it could not handle the stock to destination within a reasonable time. G. W. Ry. Co. v. Burns, 60 Ill. 284; I. C. R. R. Co. v. Cobb Christy & Co., 64 Ill. 128; T. W. & W. Ry. Co. v. Thompson, 71 Ill. 434.

"A common carrier is an insurer for safe delivery of live stock, and as such answerable for every loss which can not be attributed to the act of God, the public enemy, or to the natural or proper vices of the animals themselves, and, as in case of loss by the act of God or public enemy, the burden is upon the carrier to show exemption from liability, so also it is in the case of loss or death resulting from the nature or vice of the animal. In other words, proof of de-

livery to the carrier of stock, in live and good condition, and its injury or death while in the custody of the carrier, makes a *prima facie* case against it, which may be rebutted by evidence that it provided all suitable means of transportation, and exercised that degree of care which the nature of the property required." B. & O. S. W. R. R. Co. v. Fox, 113 Ill. App. 180.

The foregoing states the correct rule as to the carrier's responsibility and the burden of proof in all the cases wherein the liability is not limited or changed by special contract. The appellee proved the first count of his declaration. The appellant failed to establish any defense to this count and the proof thereunder, and the general verdict of the jury was not inconsistent with the special findings, even conceding that such findings are ultimate facts. The fact that the plaintiff failed to prove the second count of his declaration does not interfere with his right to recover on the first count.

What we have said in the foregoing fully answers all of the objections to appellee's given instructions. They are in accordance with our interpretation of the law and they are based on the evidence. We think the jury were fully and correctly instructed as to when and under what circumstances they would be warranted in finding that the plaintiff assented to the special contract relied on by the defense, and in view of the fact that the jury found that he did not assent to it, and that the defendant is bound thereby, we do not think the defense is prejudiced by the refusing of any of its offered instructions.

Under the evidence in this case we could not hold that the damages are excessive. While they are more than double the amount found by a former jury, yet taking the lowest estimate of the damages by the plaintiff's witnesses, they will be found to be $1,370, the sum awarded by the jury. We can find no reason for saying that these witnesses were unfair, or that they were not well informed as to the values of the stock.

Finding no reversible error in this record, the judgment of the lower court is affirmed.

*Affirmed.*