# William Farrell, Defendant in Error, v. Illinois Tunnel Company, Plaintiff in Error.

## Gen. No. 17,832.

1. CONTINUANCE—*absence of witness.* It is not error to refuse a continuance on the ground of absence of a witness where affidavits of defendant's attorneys in support of the motion are to the effect that such witness resides in another state and that the attorneys first received information four days before the trial that he could not be present, but from all that appears such witness may have been living in such other state for years and all the time during the pendency of the suit, and no reason appears why his deposition could not have been taken, and it is not stated or claimed that the witness promised to be present.

2. APPEALS AND ERRORS—*when party bound by finding on special interrogatory as to existence of contributory negligence.* Defendant on appeal is conclusively bound by a finding on a special interrogatory submitted by him that plaintiff could not by the exercise of reasonable care have avoided the injury, where he did not move or request that the finding be set aside in his motion for new trial and reasons filed in support thereof, and there is no assignment of error in that regard.

3. CONTRIBUTORY NEGLIGENCE—*when not a question of law.* It cannot be said as a matter of law that plaintiff, engaged in raising and lowering elevator cars, was guilty of contributory negligence where it seems that plaintiff was instructed as to the use of an elevator which stopped automatically at a certain landing, and was transferred to another which did not so stop, but was not informed of the difference, and that he stepped off the elevator at such landing when it seemed about to stop and was injured when he attempted to get back into it when he saw that it passed the landing without stopping.

4. MASTER AND SERVANT—*assumed risk.* In an action for personal injuries, where the negligence alleged is the failure of defendant to inform plaintiff that an elevator he was operating did not automatically stop at a certain landing, the risk is not an ordinary risk of the employment which he could assume.

5 DAMAGES—*not excessive.* A verdict for $20,000 is not excessive where plaintiff, who was 32 years old at the time of the injury, lost the tips of the first three fingers of his left hand, broke one rib, sustained a Pott's fracture of his right ankle, causing an ankylosed condition of the joint, fractured his spine, causing

almost complete paralysis from the hips down and was in the hospital 15½ months, and the doctor testified that there was a fracture and displacement of bones of the spinal column causing a hemorrhage into the spinal cord, that these conditions were permanent and that plaintiff would never stand on his feet again.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed February 13, 1913. *Certiorari* denied by Supreme Court (making opinion final).

JOHN A. BLOOMINGSTON, for plaintiff in error.

JAMES C. McSHANE, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

William Farrell, hereinafter called plaintiff, was injured May 1, 1908, while in the employ of the Illinois Tunnel Company, hereinafter called defendant. He brought suit against defendant and obtained a judgment. Defendant urges five points as reasons why the judgment should be reversed. We shall consider these in the order in which they are presented.

The first and second points are stated together, thus: The court erred in refusing to grant a continuance and in refusing to permit the defendant to file an additional affidavit for a continuance. It appears that this case was on the preliminary call of the trial judge on January 5, 1911, and marked for trial; that it appeared on the trial call on January 23rd, and daily thereafter until February 10th, when it had reached the head of the call. There was no court on February 12th and 13th, and on the morning of the 14th the case was called for trial, whereupon defendant's attorney moved that the trial be continued on the ground of absence of a witness. Said motion was supported by two affidavits made by attorneys for defendant. These were to the effect that the absent witness resided in North Dakota, and that if present he would testify to certain things in connection with the accident; that on Feb-

ruary 10th the attorney for defendant first received information that this witness could not be present at the trial. The suit was commenced in October, 1909, and defendant served with summons October 21, 1909. For aught that appears to the contrary, the witness may have been living in North Dakota for years before the date of the trial, and during all the time of the pendency of the suit. There is no reason apparent why his deposition could not have been taken in ample time to be used upon the trial. Furthermore, it is not stated or claimed that the witness had promised to be present. It is clear that due diligence on the part of the attorney for the defendant was not shown, and there was therefore no error in refusing to grant a continuance. Marble v. Bonhotel, 35 Ill. 240. The additional affidavit sought to be filed adds nothing substantially material to the first affidavit filed, and there was no error in refusing to permit it to be filed.

The next point urged is that the plaintiff assumed the risk and was guilty of contributory negligence as a matter of law. The facts in brief are that plaintiff had been working for defendant about nineteen days before the day of the accident. The first three days he worked as a switchman, raising and lowering elevator cars; then for two weeks he was unloading mail from the cars; then went to switching again, and was so working for about three days when he was injured. During this time of employment there were but two elevator shafts—the one in question and another one—that had more than one floor or landing above the tunnel. There were from eight to twelve elevators then in use. The elevators were so constructed that upon their upward trips they would stop automatically at the floor or landing, and in the same manner on their downward trips at the bottom. When plaintiff was employed he was turned over to one of the motormen, who gave him the only instructions he received with reference to the elevators. Upon the first occasion that he was required to use an elevator, this motorman

showed him how to operate it, and showed him that when it was started from the bottom it stopped automatically at the top, and that when it was started from the top it stopped automatically at the bottom. These were the only instructions given, and that was the only occasion that plaintiff was instructed by anyone in reference to the elevators. While switching, plaintiff raised and lowered cars about ten times daily on the various elevators, but never until the day of the accident had he worked at either of the elevator shafts where there was more than one floor or landing above the tunnel, and no one had ever told him, and he did not know, that there was more than one floor or landing at any of the elevators.

The negligence charged in the first count of plaintiff's declaration is that defendant had wrongfully and negligently failed and neglected to instruct or inform plaintiff that there was more than one landing or floor at said elevator, and that said elevator on its upward trip would not stop automatically at the landing or floor next above the tunnel. On the day of the accident plaintiff was directed to raise a car at the elevator in question, which was one of the two elevator shafts where there were two floors or landings above the tunnel, and where the elevator, ascending, would not stop automatically at the first landing above the tunnel; but plaintiff was ignorant of this fact. He started the elevator, and was riding upon it as it slowly ascended. When it reached the first landing he saw the door leading from the shaft and the threshold or sill at the bottom of the door, about six or eight inches wide, which appeared to be and were in fact in all respects the same as they were in all the elevators which he had previously used. These doors were raised by a man standing on these thresholds and stooping down and pulling up on a handle attached near the bottom of the doors. At this time, when the elevator was a few inches below the level of the threshold, and when, as plaintiff testified, the elevator appeared to be stopping,

plaintiff, supposing that it would stop when it reached the threshold, faced the door and stepped from the elevator onto the threshold and reached down for the handle to raise the door. While attempting to do this he felt the elevator grazing his legs, and turning around quickly he discovered that the elevator was then about a foot above the threshold and still ascending. He tried to get back into it but could not do so, and to avoid falling he caught hold of the elevator platform and with his body hanging below the platform he was drawn upward until it reached the next floor, at which time three of the fingers of his left hand were crushed off; his hold was broken, and he fell about 40 feet to the bottom of the shaft.

The most obvious answer to defendant's contention that there was contributory negligence by the plaintiff, is that at the request of the defendant the court submitted to the jury the following special interrogatory: "Could the plaintiff, William Farrell, by the exercise of reasonable and ordinary care on his part, have avoided the injury on the occasion in question?" To this the jury returned the answer, "No."

Defendant filed a motion for a new trial, and a number of written reasons in support thereof. It did not, however, either in its motion for a new trial or in the written reasons filed in support thereof, or otherwise, move or request that the special finding be set aside, and there is no assignment of error in that regard. In this state of the record, defendant is conclusively bound by this finding. City of Aurora v. Rockabrand, 149 Ill. 399; Pennsylvania Coal Co. v. Kelly, 156 Ill. 9; Empire Laundry Machinery Co. v. Brady, 164 Ill. 58; Voigt v. Anglo-American Prov. Co., 104 Ill. App. 423; Pittsburgh, C. C. & St. L. R. Co. v. Bovard, 121 Ill. App. 49; Tate v. Missouri Pac. Ry. Co., 157 Ill. App. 105. Furthermore, the question of contributory negligence is usually a question of fact for the jury to determine. The conduct of plaintiff in stepping from the elevator, as he did, to open the door, expect-

ing that the elevator would automatically stop, might be considered by persons ordinarily prudent as a reasonable thing to do under the circumstances. It is clear that no one could say that as a matter of law plaintiff was guilty of contributory negligence, and the finding of the jury in this regard cannot be disturbed.

As to the claim that plaintiff assumed the risk, as we have above stated, the negligence of the defendant alleged was the failure to properly inform and instruct plaintiff. This risk was not an ordinary risk of plaintiff's employment which he could assume. City of La Salle v. Kostka, 190 Ill. 130; Sehillinger Bros. Co. v. Smith, 225 Ill. 74; Superior Coal & Mining Co. v. Kaiser, 229 Ill. 29. Whether or not plaintiff assumed the risk is ordinarily a question for the jury to determine, and we cannot say in this case that the conclusion of the jury was contrary to the evidence. Consolidated Coal Co. of St. Louis v. Gruber, 188 Ill. 584; Chicago & E. I. R. Co. v. Kimmel, 221 Ill. 547; North Chicago St. R. Co. v. Dudgeon, 184 Ill. 477.

It is argued that the court erred in refusing to give to the jury the second interrogatory asked by defendant. An inspection of the same makes it apparent that this interrogatory was fully covered by the first interrogatory, which was given.

The alleged improper remarks in argument by counsel for plaintiff do not furnish any ground for holding them to amount to prejudicial error; and the claim that the preponderance of the evidence is in favor of the defendant as a matter of law is not borne out by the record.

The judgment was for $20,000, and it is argued that this amount of damages is excessive. The plaintiff at the time of the injury was 32 years old. He fell a distance of about 40 feet to the bottom of the tunnel, and before falling he lost the tips of the first three fingers of his left hand. One, or perhaps two, ribs were broken from the fall. There was also a Pott's fracture of

plaintiff's right ankle, resulting in an ankylosed condition of the joint. He received also a fracture of the spine, resulting in almost complete paralysis from his hips down. He remained in the hospital for 15½ months. His only means of locomotion is by riding in an invalid's tricycle, which he propels by hand. The doctor testified that there was a fracture and displacement of two or more bones of the spinal column; that there was pressure on the spine, and that the fracture of the articular process together with the displacement had caused a hemorrhage into the spinal cord. He further testified that these conditions were permanent, and that plaintiff would never get any better and never stand on his feet again. With such a severe injury resulting to plaintiff, we cannot conclude that the damages are excessive.

In view of the conclusion we have reached, that the judgment should be affirmed, we do not deem it necessary to discuss the points raised by assignments of cross error by the defendant in error.

For the reasons above indicated the judgment is affirmed.

*Affirmed.*