Maria Voigt, Admx.

*v.*

The Anglo-American Provision Company.

· *Opinion filed April 24, 1903.*

1. Appeals and errors—*Appellate Court must consider whether verdict was against the evidence.* Whether the verdict was against the weight of the evidence is, when properly presented, a question which the Appellate Court is bound to consider.

2. Same—*it is presumed that Appellate Court considered the evidence.* The Supreme Court will presume the Appellate Court considered the evidence, where its consideration was brought before the court by a proper bill of exceptions and assignment of errors.

3. Same—*error cannot be assigned on opinion of the Appellate Court.* Error cannot be assigned upon the opinion of the Appellate Court, but only on its judgment.

4. Same—*when objection that verdict is against evidence does not apply to special findings.* An objection that the verdict is against the weight of the evidence applies only to the general verdict and not to special findings, where the latter were not complained of as a ground of the motion for new trial.

5. Same—*when special findings cannot be assigned as error.* Special findings not mentioned as a ground for new trial cannot be made the basis of an assignment of error in the Appellate Court.

6. Same—*when use of word "might" instead of "would" is not harmful.* An instruction precluding the defendant's recovery "if he knew or by the exercise of reasonable care *might* have known" of the danger, is not harmful in using the word "might" instead of "would."

7. Same—*when error in admitting exhibit and allowing jury to take it is not reversible.* Error in admitting in evidence as an exhibit a copy

of a stenographic report and in allowing the jury to take it with them to the jury room is not ground for reversal, where the jury had substantially the same written statement with them, given in evidence by the appellant, and where the verdict is supported by evidence other than the exhibit.

*Voigt* v. *Anglo-American Provision Co.* 104 Ill. App. 423, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This was an action on the case, brought by the appellant, Maria Voigt, as administratrix of the estate of her deceased husband, against the appellee, the Anglo-American Provision Company, to recover damages for the death of Peter George Voigt, who was killed by being struck by a falling timber. The declaration contains two counts. In the first count the negligence alleged is that of the servants of the defendant in dropping the timber so that it struck and killed the plaintiff's intestate. It was also alleged that such servants were not fellow-servants of deceased. The second count charges the defendant with negligence in failing to take any proper measures to warn deceased sufficiently in advance of the dropping of the timber, so that he might have avoided injury. The jury returned a verdict for defendant. A number of special interrogatories were also submitted to the jury, and by their answers to the same the jury found that the deceased was not killed as a result of pure accident, without negligence on the part of defendant, and that the danger of being struck by falling timbers was not one of the ordinary risks or dangers of the employment of the deceased. They further found that the workmen who dropped the timber were at the time of the accident exercising ordinary care for the safety of others; that they were fellow-servants of the deceased; that the deceased was killed as the result of

voluntarily rushing into a place of known danger for the purpose of saving his saw, and that he came to his death by reason of negligence on his part. After overruling the motion for a new trial judgment was entered on the verdict, and on error the judgment was affirmed by the Appellate Court for the First District. A certificate of importance having been granted, the plaintiff below took this appeal.

The facts in the case are these: The defendant had caused to be constructed a coal conveyor alongside of its boiler house. The conveyor was built of timbers, like a railroad trestle, by the carpenters' gang in the employ of defendant, of which gang the deceased was a member. There had been some sheet-iron work done on the conveyor by the tinners' gang, also in the employ of defendant. Men in these two gangs had frequently worked on the same jobs, sometimes together, sometimes one gang following the other. Two tinners' helpers were sent on top of the conveyor, which was about forty feet high, to take down three timbers that had been temporarily nailed to the top. While they were there at work, three carpenters, the deceased among the number, were ordered to put a platform on the top of the conveyor. They had procured the necessary timbers and were waiting for one of their number to bring a rope to hoist up the timbers, when the tinners' helpers threw down their first timber, shouting to the men below to look out. About five minutes later they succeeded in loosening another timber, and again shouted to the men below to look out. The deceased replied, "Hold it," and started to secure his saw, which he had laid on a stone not far from the bottom of the conveyor. The timber struck the stone on which the saw lay and re-bounded, one end of it striking Voigt on the side of his head and killing him.

Francis J. Woolley, for appellant.

James C. McShane, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

One of the errors assigned is that the Appellate Court refused to review questions of fact in the case. Counsel for appellant says that it is evident from the opinion of the Appellate Court that the court refused to consider the question whether the general verdict and special findings were against the evidence, but took all questions of fact as conclusively established against appellant because of the special findings. Error cannot be assigned on the opinion of the Appellate Court, but only on its judgment. (*Pennsylvania Co.* v. *Versten,* 140 Ill. 637; *Strodtmann* v. *County of Menard,* 158 id. 155.) It will be presumed that the Appellate Court did its duty and considered the evidence, in all cases where its consideration is brought before the court by a proper bill of exceptions and assignment of errors.

But it is insisted this presumption ought not to prevail when it appears from the opinion of the Appellate Court that it regarded the verdict of the jury as conclusive of the facts and refused to consider them. It may be that expressions sometimes found in the opinions have given rise to the many complaints made in this court in the briefs and arguments of counsel, that the Appellate Court refused to consider controverted questions of fact in the case. It is, of course, the bounden duty of the Appellate Courts to consider questions of fact properly presented and to correct errors of fact committed by the trial courts. To an assignment of error that the verdict and judgment are against the weight of the evidence it is obviously no answer to say that there was evidence tending to support the finding below. Whether there was evidence tending to support the verdict, or not, is a question of law, and not of fact, and such a question may be finally determined by this court; but whether the verdict is against the weight of the evidence is, when properly presented, a question for the Appellate Court. To select a single clause, as, for example, there was evi-

dence to support the finding, is not always a fair test of the meaning of the court. Alone it is a statement of law, but from the context it may well be understood as a statement of fact, and in the latter sense it may be found to have been used in the opinions of this court. Where, however, it is alleged that the trial court erred in over-ruling the motion for a new trial, based on the ground that the verdict was against the weight of the evidence, the Appellate Court is the only tribunal that can correct the error, if any has been committed, and the aggrieved party has the undoubted right to have the decision of that court on the question. Its decision being final on such a question, the duty fully to consider and determine it would seem to be all the more imperative. But in the case at bar we do not understand, even from the language of the opinion filed, that the Appellate Court regarded the decision below as conclusive of the facts, but only that the objection that the verdict was against the weight of the evidence applied only to the general verdict, and not to the answers of the jury to the special interrogatories submitted to be answered, as this court has already held, (*Avery* v. *Moore,* 133 Ill. 74; *Pennsylvania Coal Co.* v. *Kelly,* 156 id. 9; *Empire Machinery Co.* v. *Brady,* 164 id. 58;) and that the special findings, not having been mentioned as a ground for new trial, could not be assigned as error in the Appellate Court, and that, such findings being unquestioned and substantially conclusive of the facts upon which the question of liability depended, the judgment could not, on the alleged error, be reversed. And we have held that the questions of fact involved in such findings are conclusively settled by the judgment of the Appellate Court. *Illinois Steel Co.* v. *Mann,* 197 Ill. 186.

The appellant contends that instructions 9 and 11 given for defendant below are improper because they single out certain parts of the evidence, thereby calling the special attention of the jury to the same. We think

that these instructions are not subject to this objection, for they substantially state the case made by the evidence, without leaving out anything material to a full presentation of the same. Taken in connection with other instructions, they could not have misled the jury.

Instruction 11 is further objected to on account of the following expression contained in it: "If you believe, from the evidence, that he knew, or by the exercise of ordinary care might have known, that there were men on top of the coal conveyor engaged in throwing timbers to the ground." It is claimed the proper word to be used was "would" instead of "might." While we think the word "would" would have more accurately expressed the law, still, taking the instruction as a whole, we do not find any harmful error in it.

Instruction 13 given for defendant below is as follows:

"The court instructs the jury that if you believe, from the evidence, that George Voigt was one of a gang of carpenters employed by the defendant in its construction work, and that the tinners' helpers in question belonged to a gang of tinners employed by the defendant in the same construction work, and that the members of the said carpenters' gang and the said tinners' gang were habitually associated with each other in the performance of their usual duties in such a way that they could exercise an influence upon each other promotive of proper caution, then the members of the said carpenters' gang and said tinners' gang were all fellow-servants, and the defendant is not liable, in law, for the death of one caused solely through the fault of the other."

The objection to this instruction is, that it is not the question whether other members of the tinners' and carpenters' gangs were fellow-servants, but whether the deceased and the two tinners' helpers were fellow-servants. The deceased was a member of the carpenters' gang and the tinners' helpers were members of the tinners' gang, and they were included in the terms used in the instruc-

tion.   The first instruction given for plaintiff specially called the attention of the jury to the question whether the deceased and the two tinners' helpers were fellow-servants.   There was no error in giving this instruction.

It is claimed, also, that error was committed in allowing the jury to take an exhibit into the jury room, in which portions were underscored.   This exhibit was a copy of the stenographic report of the evidence taken at the coroner's inquest held over the body of Peter George Voigt, and was used by the stenographer in refreshing her memory in giving her testimony.   The bill of exceptions states that it was admitted in evidence, and no exception is noted by the plaintiff.   Her counsel insists he was not aware that this particular exhibit was offered in evidence.   Just before the jury retired to consider of their verdict he discovered that this exhibit was about to be taken into the jury room and made a motion to strike it from the record, which motion was denied as being too late.   The substance of this exhibit was already in evidence in two other exhibits,—one, a signed statement of George Graham, a witness for the plaintiff, taken from the files of the coroner's office, and the other, an affidavit of the same person relating to the death of Voigt.   While the admission in evidence of this exhibit was improper and it should not have gone into the jury room, still we do not see how any harm could have been done plaintiff by it.   The jury had substantially the same written statement with them, given in evidence by plaintiff herself.   The verdict and findings of the jury are fully supported by the evidence, exclusive of what is contained in this exhibit.   Its repetition by the defendant ought not to operate to reverse the judgment.

Other minor questions discussed by counsel we have examined, but find no harmful error in the record.   The judgment will therefore be affirmed.

*Judgment affirmed.*