## Town of Cicero v. Mary M. Bartelme, Conservatrix.

### Gen. No. 11,090.

1. NEW CAUSE OF ACTION—*when additional count does not allege.* Where the original and additional counts of a declaration both charge negligence in suffering a sidewalk " to be and remain in bad and unsafe repair and condition," a demurrer to a plea of the Statute of Limitations filed to such additional count will be sustained where the original and additional counts differ only in their allegations as to the manner in which such negligence took place.

2. NEW CAUSE OF ACTION—*when additional count does not allege.* Where from a comparison of the original declaration and the bill of particulars filed pursuant thereto, it appears that the place of the accident in question, as alleged in said original declaration and the additional count filed thereto, is the same, a demurrer to the plea of the Statute of Limitations filed to such additional count will be sustained.

3. SPECIAL FINDING—*when, conclusive.* Where a special finding has been asked and answered, and in the written motion for a new trial, which contains specific complaints, no point is made upon the answer to such special finding, the same will be deemed conclusive.

4. ASSIGNMENT OF ERROR—*when, sufficient to authorize review of size of verdict.* The court (apparently with some doubt) hold that an assignment of error, "that the court erred in entering judgment for the plaintiff," is sufficient to authorize it to review the size of the verdict.

5. VERDICT—*when, not excessive.* A verdict of $3,500 in favor of a woman is not excessive where it appears that she received a transverse fracture of the knee-cap, was eight weeks in bed, and that there has only been a ligamentary union of the fractured parts and that the leg is liable to give way at any time and cause a fall, and that such condition is permanent and incurable.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 22, 1904.

Ross C. HALL, for appellant; FRED H. ATWOOD, FRANK B. PEASE, CHARLES O. LOUCKS and LOUIS B. DORR, of counsel.

GIDEON S. THOMPSON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Ella M. Peck brought an action in the case against appellant, an incorporated town, to recover for injuries sustained by her June 21, 1900, in a fall on a walk or crossing on the south side of 32nd street, where said walk passes over a ditch on the east side of Sheldon avenue. Before the trial the fact that plaintiff had become insane was suggested upon the record, and the court ordered that the cause proceed in the name of Mary M. Bartelme, conservatrix of the estate of Ella M. Peck. September 27, 1902, plaintiff had a verdict for $5,000, and defendant moved for a new trial. Pending this motion, plaintiff by leave of the court amended the declaration by filing an additional count, to which defendant pleaded the Statute of Limitations. The court sustained plaintiff's demurrer to this plea and upon plaintiff remitting $1,500 from the verdict, denied defendant's motion for a new trial and rendered judgment on the verdict for $3,500 and defendant appealed.

Appellant insists that it was error to sustain the demurrer to the plea of the Statute of Limitations to the additional count which was filed more than two years after the injury. The original declaration in a single count charged that the defendant " wrongfully and negligently suffered the said sidewalk to be and remain in bad and unsafe repair and condition, and divers of the planks wherewith said walk was constructed to become and remain rotten and decayed, whereof the said Town of Cicero had notice, and the plaintiff, who was then and there passing along and upon the said sidewalk, exercising due care and diligence for her own safety, necessarily and unavoidably stepped upon a plank in the said sidewalk that had become, and for a long time had remained, decayed and rotten, and the said plank then and there broke and split with the weight of the said plaintiff, and the foot of said plaintiff was thereby caught

Town of Cicero v. Bartelme.

and entangled in the said broken plank, and said plaintiff was thereby then and there tripped and thrown and fell to and upon the ground and sidewalk there, by means whereof the said plaintiff received," etc.

The additional count charged that the defendant "suffered the said walk to be and remain in bad and unsafe repair and condition and to become rotten and decayed and to be broken and full of holes,   *   *   *   by means whereof the plaintiff, who was then and there passing along and upon said walk (exercising due care and diligence for her own safety), then and there necessarily and unavoidably stepped into one of the holes in said walk and the foot of the said plaintiff was thereby caught and entangled in the said hole, and the said plaintiff by means of the bad and unsafe repair and condition of the said walk, as aforesaid, then and there tripped and stumbled and was thrown and fell to and upon the ground and walk there, by means whereof the said plaintiff received," etc.

The negligence charged in each count is the same, "that the defendant wrongfully and negligently suffered the walk to be and remain in an unsafe condition and repair." They differ only in their allegations as to the manner in which the negligence of the defendant in permitting the walk to be and remain in unsafe repair and condition, caused and brought about the fall and injury of the plaintiff.

It is also contended that the cause of action set up in the additional count is new and distinct, because the fall of the plaintiff is alleged to have occurred in a new place, upon a different sidewalk.   The original declaration and the bill of particulars filed before the trial clearly designate as the walk upon which plaintiff fell, the walk across Sheldon avenue on a line with the sidewalk on the south side of 32nd street and the place where she fell as the place where said walk crosses the ditch on the east side of Sheldon avenue.   The walk on which it is alleged in the additional count that plaintiff fell, is described in that count as " a public walk or crossing leading from the sidewalk on the east side of Sheldon avenue over and across a certain ditch

or drain along the south side of 32nd street." · This clause, appellant's counsel insist, must be held to allege that the ditch or drain which the walk in question crossed ran along the south side of 32nd street. With this contention we cannot agree. The allegation is, not that the ditch ran along the south side of 32nd street, but that the walk on which plaintiff fell led from the sidewalk on the east side of Sheldon avenue along the south side of 32nd street, across the ditch, etc. The additional count does not state a new cause of action, and the demurrer to the plea of the Statute of Limitations to that count was properly sustained.

It is further insisted that the evidence fails to show that the defendant was guilty of any negligence in respect to the walk upon which plaintiff fell. At the request of the defendant the trial court submitted to the jury the interrogatory, " Do you find from the evidence that the Town of Cicero was guilty of such negligence as caused the injuries complained of ? " to which the jury answered, " Yes." In the written motion of defendant for a new trial the statement that the verdict is against the evidence applies only to the general verdict of not guilty, and it was not alleged that the special finding was contrary to the evidence. It cannot therefore be here assigned as error that the special finding is contrary to the evidence and it is conclusive upon the question of the negligence of the defendant. Voigt v. Anglo-Amer. Prov. Co., 202 Ill. 462–466, and cases there cited. But if it had been urged as a ground for a new trial that the special finding was against the evidence, the result would not be changed. There is evidence in the record tending to support the special finding and general verdict and to warrant and justify the jury in finding that defendant was guilty of the negligence charged against it. Whether the plaintiff was guilty of contributory negligence was a question of fact for the jury. We have carefully examined the evidence in the record and we cannot say that the finding of the jury, that she was not guilty of contributory negligence, is against the evidence or is not supported by sufficient evidence.

Town of Cicero v. Bartelme.

It is also contended that the damages awarded plaintiff are excessive. Counsel for appellee insist that that question cannot be considered, because there is no assignment of error bringing that question before this court. The defendant duly excepted to the ruling of the Superior Court denying the motion for a new trial and in this court has assigned for error " that the court erred in entering judgment for the plaintiff." The proper and formal assignment of error to bring before this court the question whether the amount of the judgment was excessive was "that the trial court erred in denying the defendant's motion for a new trial," the defendant having alleged in its motion as a ground for new trial that " the damages were excessive;" but we are not prepared to hold that such question is not brought before us by the assignment that " the court erred in entering judgment for the plaintiff." Parr v. Van Horne, 40 Ill. 122; Deere v. Lewis, 51 Ill. 254. The plaintiff sustained a transverse fracture of the patella, or knee-cap, was eight weeks in bed, and there has been only ligamentary union. The evidence tends to show that the leg is liable at any time to give way and cause her to fall, and that such condition is permanent and incurable, and we cannot say that the damages are excessive.

Complaint is also made of the refusal to give instruction 20 on the subject of contributory negligence, but the court gave six instructions on that subject and the substance of the refused instruction is contained in those given.

We find no reversible error in the record and the judgment of the Superior Court will be affirmed.

*Affirmed.*

Mr. Justice STEIN took no part.