## City of Chicago v. Kittie Gilmore.

### Gen. No. 12,333.

1. NEW CAUSE OF ACTION—*when amended declaration sets up.* Where the original declaration sets up a breach of duty in failing to maintain a sidewalk at a place named in a reasonably safe condition, an amended count which sets up a breach of a like duty at a different place, constitutes a new cause of action.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1905. Reversed. Opinion filed March 1, 1906.

**Statement by the Court.** This is an appeal by the city of Chicago from a judgment rendered November 19, 1904, by the Superior Court of Cook County against it for $3,000 in favor of Kittie Gilmore. The judgment was on the verdict of a jury, in an action for personal injuries received by the plaintiff, Kittie Gilmore, through a defective public sidewalk under the control of the city of Chicago.

The action was begun by *praecipe* to the summons February 9, 1901. The summons to the March term of the Superior Court was served upon the appellant February 19, 1901. The original declaration was filed March 30, 1901. It alleged that the defendant, the city of Chicago, before and on February 4, 1900, was possessed of and had control of a certain public sidewalk *"on the north side of a certain public street called Thirty-eighth street at and near to the intersection of said Thirty-eighth street with Princeton avenue and between Princeton avenue and Shields avenue in said city in the county aforesaid."* It then alleged the duty of the defendant to maintain the same in reasonably safe condition and its neglect of that duty in allowing certain boards in said sidewalk to be loose and certain boards to be removed, whereby the plaintiff while passing along said sidewalk with reasonable care had her left foot and leg caught in an opening in said sidewalk and was badly injured. To this the defendant filed a plea of not guilty March 25, 1901. ·

September 31, 1904, by leave of court an additional count was filed, alleging that on or before February 4, 1900, the defendant was possessed and in control *" of a certain public highway known as Thirty-eighth street, at or near the intersection of Thirty-eighth street with Princeton avenue and between Princeton and Shields avenues in the city of Chicago,"* and further alleging its unsafe condition, in that certain boards "of the sidewalk of said street" were permitted to be and remain loose and removed, whereby the plaintiff was thrown down to the ground and injured.

October 5, 1904, the city filed a plea of not guilty to this count also.

The same day by leave of court the plaintiff amended both the original declaration and the additional count, by striking out the words "Princeton avenue" wherever the same occurred, and inserting instead "Stewart avenue." The first or original count then described "the certain public sidewalk" as *"on the north side of a certain public street called Thirty-eighth street at and near to the intersection of*

*said Thirty-eighth street with Stewart avenue and between Stewart avenue and Shields avenue in said city."* And the additional count describes the *"locus"* as *"a certain public highway known as Thirty-eighth street at or near the intersection of Thirty-eighth street with Stewart avenue and between Stewart and Shields avenues in the city of Chicago."*

To the declaration as thus amended, the city, October 6, 1904, filed two pleas, the first "Not guilty," the second, the two years' Statute of Limitations.

October 22nd, the plaintiff joined issue on the plea of not guilty and demurred generally to the plea of the Statute of Limitations. October 24th the court sustained the demurrer. The cause went to trial on the general issue November 9, 1904.

The trial court refused to take the case from the jury by an instruction to find for the defendant at the conclusion of the plaintiff's evidence and again at the conclusion of all the evidence.

After the verdict a motion for a new trial was made by the defendant and overruled by the court, judgment was then entered on the verdict and this appeal taken.

In this court it is argued by appellant that the trial court erred in sustaining the demurrer of the plaintiff to the plea of the Statute of Limitations filed to the amended declaration October 6, 1904, in not taking the case from the jury by the peremptory instruction asked, in not sustaining the motion for a new trial, and in entering judgment upon the verdict, it being contended by appellant that the verdict was contrary to the law and the evidence.

John F. Smulski, City Attorney, and Frank D. Ayers, for appellant; Edward C. Fitch and Edward S. Day, of counsel.

Theodore G. Case, for appellee.

Mr. Justice Brown delivered the opinion of the court.

In this case the demurrer to the Statute of Limitations of two years should have been overruled. A new cause of

action was introduced by the amendment of the declaration on October 5, 1904, and it was a personal injury sustained in 1901. The defendant by the declaration before it was amended was charged with having the duty to maintain in reasonably safe condition a public sidewalk on the north side of Thirty-eighth street near the intersection of Princeton avenue and Thirty-eighth street, and between Princeton avenue and Shields avenue in Chicago, with having neglected *that* duty, in consequence of which the plaintiff had her leg caught in *that* sidewalk and was injured. This was the purport of both counts.

After the amendment a different duty was alleged as binding the defendant. It was to maintain in reasonably safe condition a public sidewalk on the north side of Thirty-eighth street, near the intersection of Stewart avenue and Thirty-eighth street and between Stewart avenue and Shields avenue in Chicago. It was after the amendment *this* duty the defendant was charged with neglecting and through *this* sidewalk that the defendant was alleged to have fallen.

Unless these descriptions of the sidewalk in question are tantamount to each other, we cannot see how these are not two distinct causes of action.

A recovery on the original declaration would not bar the cause of action set up in the amended one, nor would the same evidence support both declarations. The duty of the defendant is different, its neglect is different, the very accident itself is different. To fall through a defective sidewalk in Chicago in one place is not to fall through a defective sidewalk at another place.

The appellee urges that the amendment made no new cause of action, because the testimony showed that there is in no intersection of Princeton avenue and Thirty-eighth street and no sidewalk between Princeton avenue and Shields avenue on the north side of Thirty-eighth street. That is immaterial. The plaintiff charged explicitly that there was such a sidewalk, that it was the city's duty to keep it in good condition, and that by reason of a neglect of that duty the plaintiff was injured.

If the city could have shown there was no sidewalk there, it would have been a good defense for it to that action. Its being charged in that action with neglecting to keep up a non-existent sidewalk certainly ought not to put upon it, in order to make a defense, preparation of proof that no existent sidewalk in the city was defective.

It might be possible for "the north side of 38th street between Princeton and Shields avenues near the intersection of Princeton avenue and 38th street" to be also "the north side of 38th street between Stewart and Shields avenue and near the intersection of Stewart avenue and 38th street." But without evidence it could not be so considered on the demurrer to the Statute of Limitations, and the demurrer should have been overruled, leaving to the plaintiff, if so advised, to reply to the plea, and aver in some form the identity of the description in the amended declaration with that in the original one. The evidence in this case on the trial as a matter of fact showed that the descriptions were not identical, but of entirely distinct places.

Princeton avenue is a block east of Shields avenue, and Shields avenue a block east of Stewart avenue, and all three run north and south. Thirty-eighth street runs east and west at right angles with them. It would seem that neither Princeton nor Shields avenue ran through Thirty-eighth street at the time of the accident, but either Shields avenue alone or both Shields and Princeton avenues run into it. The material matter is that the north side of Thirty-eighth street between Princeton and Shields avenues cannot be the north side of Thirty-eighth street between Shields avenue and Stewart avenue, Princeton avenue being east and Stewart avenue west of Shields avenue.

Appellee also insists that the amendment did not set out a new cause of action, because the place in which the accident occurred is immaterial. It is argued that the place having been averred inaccurately, the proof would have made a variance had the amendment not been made, but as the particular description of the place or *locus in quo* is surplusage and immaterial, an amendment may be made at any time before

trial and the variance thus avoided without stating a new cause of action.

The *"locus in quo,"* it is urged, is only essential in actions for damages to real estate and never in actions for personal injuries which are transitory. To justify this contention appellee cites Chicago City Railway v. McMeen, 206 Ill., 108, where the distinction between the question whether the facts proved under an amendment are at variance with the allegations of an original declaration and the question whether such amendment introduces a new cause of action, is pointed out. There is, without doubt, such a distinction, but that is not pertinent here.

The court in Chicago City Railway Co. v. McMeen held that an amendment to a declaration against the Chicago City Railway for injuries resulting to McMeen from a rear end collision of two of its cars, in one of which he was a passenger, by which amendment the place of the accident was changed from State street to Cottage Grove avenue, did not state a new cause of action because, as the court said, "although varying the details of place, the substantive claim counted upon precisely the same rights, duties and violations as were alleged in the original declaration."

This in our opinion is not true in the case of the amended declaration in the case at bar.

Distinguishing cases cited by appellant in Railway Co. v. McMeen, the Supreme Court does not, as counsel argue, emphasize the difference between injuries to real estate and injuries to the person, but the difference between cases where the *locus in quo* is essential to and of the substance of the action and cases where it is not.

To say that the correct description of the *locus in quo* is not essential or material in cases like the one at bar, is to say that a declaration against the city, alleging generally an accident to a plaintiff on a sidewalk within the city limits, would contain all the information necessary or essential to be stated in the pleading. This is not so. Use of the argument *ab inconvenienti* is not needed to demonstrate that in the case of an injury by a municipal corporation's neglect

City of Chicago v. Gilmore.

to keep in repair a sidewalk within its limits, the funda-
mental principle of pleadings that its object is to inform the
parties respectively of the case they have to meet, is incon-
sistent with any such proposition.    Whether the action is
for damage to real estate or to the person, when "the *locus in
quo* is legally essential and of the substance of the action"
(which is the language of the Supreme Court in the McMeen
case), a damage in that *locus* will state a new cause of action.
This is the underlying principle in Wisconsin Central Rail-
road v. Wieczorek, 151 Ill., 579, and of Derragon v. Rut-
land, 58 Vermont, 128, discussed in the McMeen case, and
it is also the principle involved in the opinions of both the
Appellate and Supreme Court in Town of Cicero v. Bar-
telme, 114 Ill. App., 9, and 212 Ill., 256.    In the Appellate
Court, MR. JUSTICE BAKER held the demurrer to the plea of
the Statute of Limitations to the additional count properly
sustained, because the *locus* set forth in that count was the
same as that described in the original declaration, and in the
Supreme Court, MR. JUSTICE HAND was even more explicit
in the same sense.

If the cause of action set forth in the amended declaration
in the case at bar was a new one, it is plain that the trial
court erred in not overruling the demurrer to the Statute of
Limitations, and erred in not taking the cause from the jury.

The appellee says that the record fails to show that the
appellant took any exception to the ruling of the court sus-
taining the demurrer.    No exception is necessary to such a
ruling on the pleadings.    Hamlin v. Reynolds, 22 Ill., 207.
She also says that the record does not show that the appellant
stood by its plea.    This is presumed if it takes no steps
from which a waiver or abandonment of it is to be inferred,
such as asking to amend or to plead over.    Bemart v. Union
Central Life Ins. Co., 203 Ill., 439, is authority for both
these propositions.

It was not to be expected, of course, that the trial judge
would, after sustaining the demurrer to the plea of limita-
tions, take the case from the jury on the same ground on
which he was asked to overrule the demurrer; but as appel-

lant stood by its plea, if there was error in sustaining the demurrer, it was repeated in the refusal of the peremptory instruction.

Our holding as to the effect of the plea of the Statute of Limitations renders it unnecessary for us further to discuss the case. The statute being, as we hold, a bar to this action, we shall reverse the judgment without remanding the cause, but with a finding of facts.

*Reversed.*