# Nellie Carlin, Administratrix, Plaintiff in Error, v. City of Chicago, Defendant in Error.

## Gen. No. 16,907.

1. LIMITATIONS—*amendment changing place where accident happens states new cause of action.* Where a declaration in a personal injury action against a city alleges that the city negligently permitted a boiler to remain in "14th street," an amended declaration containing the same allegations except that the place where the accident happened was changed from "14th street" to "14th place" states a new cause of action and is subject to a plea of limitations. BROWN, J., specially concurring.

2. PLEADING—*when order changing ruling is valid.* That no exception was taken to an order sustaining a demurrer to a plea does not render void a subsequent order vacating the prior order and overruling the demurrer.

3. APPEALS AND ERRORS—*exception to ruling on demurrer not necessary.* The office of an exception at law is to preserve for review rulings of the trial court other than those appearing on the face of the common-law record, and no exception is necessary or even proper when a demurrer either is overruled or sustained.

4. Pleading—*ruling on demurrer may be changed.* An order sustaining a demurrer to a plea does not pass beyond the control of the court with the close of the term, and the court has the power, when convinced that the ruling was erroneous, to set aside the order and overrule the demurrer, and the fact that the first order was made by another judge is of no consequence.

Smith, P. J., dissenting.

Error to the Municipal Court of Chicago; the Hon. Robert W. Wright, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed January 27, 1913.

July 1, 1904, plaintiff in error brought an action of case in the Superior Court against defendant in error, the City of Chicago, to recover damages for the alleged wrongful death of Julius Mell, plaintiff's intestate, June 7, 1904. On the same day plaintiff filed a declaration consisting of three counts. The first count alleged that the city had control of certain streets in Chicago and particularly of a street known as 14th street, more particularly at or near the plant of one Pickham, which was situated on said 14th street; that Pickham permitted a boiler or header pipe to be and remain in said 14th street in the vicinity of his plant, which place was managed and controlled by the city, and the city knew or should have known that said boiler, etc., was then and there at the place aforesaid, but carelessly, etc., permitted said boiler, etc., to be and remain on said 14th street at the place aforesaid, although knowing that said boiler, etc., was of an unsafe and dangerous character and liable to roll over; that while plaintiff's intestate, a child six years old, was on said 14th street, exercising due care, etc., said boiler, etc., was caused to and did roll over on said Julius Mell, whereby he was killed.

The second count alleges that Pickham had a certain plant, etc., situated on 14th street in the city of Chicago known as the Thomas F. Pickham Boiler Works; that the city was in charge of 14th street, particularly at and near the said plant, etc., of Pickham on said 14th street; that at the time aforesaid there was a cer-

tain boiler, etc., which was liable to roll from one side to the other, which the city knew or should have known, and it was its duty to protect or support said boiler, etc., so that it would not roll; that said boiler, etc., had been in and upon said 14th street at the place aforesaid for a considerable length of time, as the city knew or should have known; that the city, well knowing the dangerous nature and condition of said boiler, etc., negligently, etc., failed to provide a protection or support for said boiler, etc., by reason whereof said boiler was caused to and did roll over on said Julius Mell and killed him.

The third count alleges that June 7, 1904, Pickham was possessed of a certain plant, etc., situated on 14th street in Chicago, known as the Thomas F. Pickham Boiler Works; that the city had control of certain streets, and among others had charge of 14th street, particularly at and near the plant of Pickham on said 14th street; that there then was on 14th street a boiler, etc., which the city knew or should have known was unsafe and dangerous; that it was the duty of the city to guard and protect the same, etc., but the city negligently, etc., permitted said boiler to be on said street unguarded and unprotected, by reason whereof it fell or rolled on said Julius Mell and killed him.

The declaration alleges that said Julius Mell left him surviving certain heirs at law and next of kin; that plaintiff is his administratrix, and has sustained damages, etc.

The city demurred to the declaration, the demurrer was sustained April 28, 1906, and leave given to plaintiff to amend May 1, 1906, plaintiff filed and amended declaration of three counts. The first count is the same as the original first count; the second as the original second count, and the third as the original third count, except that the allegations as to the places where the accident happened were changed in each count from ''14th street'' to ''14th place.'' The city filed a plea of not guilty and October 31, 1908, filed a plea of the

statute of limitations to the amended declaration, alleging that the cause of action did not accrue to the plaintiff within one year before the filing of the amended declaration. To this plea the plaintiff demurred, and the demurrer was sustained November 6, 1908. The cause was then tried and a verdict returned which was set aside by the court.

March 14, 1910, the court ordered that the order of November 6, 1908, sustaining plaintiff's demurrer to the city's plea of the statute of limitations be set aside and vacated, and that plaintiff's demurrer to said plea be overruled. The plaintiff elected to stand by her demurrer, a judgment of *nil capiat* was entered and the plaintiff prosecutes this writ of error.

CLARENCE S. DARROW and FRANCIS S. WILSON, for plaintiff in error.

EDWARD J. BRUNDAGE and CLYDE L. DAY, for defendant in error; EDWARD C. FITCH, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The question presented by the demurrer to the plea of the statute of limitations was one of law, viz: Whether the counts of the amended declaration introduced another and different cause of action from that set up in those counts as originally filed. That question of law is to be determined by an inspection of the original and amended declarations.

In Gilmore v. City of Chicago, 224 Ill. 490, aff'g 125 Ill. App. 13, the negligence alleged in the original declaration and in an amended count filed within one year after the accident, was that the city negligently, etc., suffered a sidewalk on the "north side of 38th street at and near the intersection of 38th street with Princeton avenue and between Princeton and Shields avenues, etc.," to be and remain in bad and unsafe condition, whereby, etc. Four years after the accident

the plaintiff by leave of court amended the original declaration and the additional count by striking out the words "Princeton avenue" wherever the same therein occurred, and inserting in lieu thereof the words "Stewart avenue." The defendant pleaded the statute of limitations and the court held that a cause of action was stated by the amended count other and different from that stated in the original and amended count; that the averment as to the place where the sidewalk was out of repair was material, and that an amended declaration, filed more than two years after his injury, which alleged that the sidewalk was out of repair at a different place than was averred in the original declaration, was subject to the plea of the statute of limitations. In the opinion of Mr. Chief Justice Scott in the Supreme Court and of Mr. Justice Brown in this court, the authorities are cited and examined and the case distinguished from Chicago City R. Co. v. McMeen, 206 Ill. 108, on which plaintiff in error relies in this case.

I am unable to perceive any ground on which it can be held that neglect to keep a sidewalk in repair at one place *is not the same wrong* as neglect to keep a sidewalk in repair at another place, and that neglect to keep one street free from a dangerous article or thing *is the same wrong* as neglect to keep another and different street free from such dangerous article or thing, and am therefore of the opinion that the demurrer of the plaintiff to the plea of the statute of limitations was properly overruled, and that the judgment should be affirmed.

The contention of plaintiff in error that because the defendant took no exception to the order of November 6, 1908, sustaining the demurrer to the plea of the statute of limitations, the order of March 14, 1910, vacating said order and overruling the demurrer was void, is without merit. The office of an exception at law is to preserve for review rulings of the trial court other than those appearing on the face of the common

law record, and no exception is necessary or even proper when a demurrer is either overruled or sustained. Such an order does not pass beyond the control of the court with the close of the term, but the court has the power, and it is its duty when convinced that an erroneous ruling has been made with reference to the sufficiency of a pleading or other like matter, to set aside the order and correct the error; and the fact that the first order was made by another judge is of no consequence whatever. Fort Dearborn Lodge v. Klein, 115 Ill. 177.

Mr. Justice Brown specially concurring: I concur in the decision of this cause with much doubt and some hesitation. Fully adhering to the doctrine declared by this court in City of Chicago v. Gilmore, 125 Ill. App. 13, and approved by the Supreme Court in the same case, 224 Ill. 490, I feel great doubt whether this case cannot be and should not be distinguished from it.

In determining to concur with Judge Baker in the affirmance of the judgment, I am mindful of the fact that if this cause should now reach the Supreme Court, the question presented by the present record will be soon finally settled, but that if the judgment should be reversed it would remain in the cause even after a trial below, possibly long, expensive and laborious, and very probably might still be brought to the ultimate tribunal.

The judgment of the Superior Court is affirmed.

*Affirmed.*

Mr. Presiding Justice Smith dissenting.