**Claribel Rubottom, Appellee, v. Crane Company, Appellant.**

**Gen. No. 40,203.**

Opinion filed October 31, 1939.   Rehearing denied November 15, 1939.

ALDEN, LATHAM & YOUNG, of Chicago, for appellant; CARL R. LATHAM and NORMAN A. KORFIST, both of Chicago, of counsel.

KROHN & MACDONALD, of Chicago, for appellee; STUART B. KROHN, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Claribel Rubottom brought suit to recover damages for injuries alleged to have been sustained by reason of the negligent operation of defendant's automobile. The cause has been tried three times and is now pending here on appeal from a judgment entered in the third trial. The first trial resulted in a verdict and judgment in favor of plaintiff for $2,700. We reversed the judgment and remanded the cause without discussing the liability of defendant because of improper and prejudicial remarks of the trial judge. The second trial resulted in a directed verdict and judgment in favor of defendant. That judgment was reversed and

the cause remanded for another trial because we believed that the evidence presented a question of fact for the jury. Upon the third trial the jury again found for plaintiff, assessed her damages at $6,000 and judgment was entered accordingly. Defendant has appealed from that judgment.

Briefly stated the facts disclose that plaintiff, who resides in St. Louis, Mo., came to visit her sister in Chicago in 1933 and to attend the Century of Progress. On July 23 of that year, while walking north on Winthrop avenue at the intersection of Granville avenue, she was struck and severely injured by defendant's automobile which was then proceeding in an easterly direction on Granville avenue. She had just emerged from a Walgreen drug store on the southwest corner of the intersection of these two streets and proceeded to cross Granville avenue in a northerly direction, on the west side of the street in line with the center of the crosswalk. A Yellow cab was parked in front of the drug store, facing east on the south side of Granville avenue, obstructing the view to the west. Plaintiff had cleared the front end of the parked Yellow cab, and was proceeding across the intersection, when she heard the screeching of brakes, and, glancing in a westerly direction she was suddenly confronted with defendant's automobile, which was described by witnesses as running at a speed of 20 to 25 miles an hour, was struck by it and injured. At a point a short distance to the west there is a viaduct of the elevated railway company, so constructed that the south curb of the roadway as it passes under the viaduct is from three feet to four feet south of the south curb of the same roadway after it emerges from the viaduct going in an easterly direction; that is to say, there is a jog of some three or four feet in a northeasterly direction, so that a car traveling under the viaduct would be south of a line of the curb as it appears at the intersection in question, and upon emerging from the viaduct,

and traveling in an easterly direction, defendant's truck would necessarily come out from behind a line of cars parked at the south curb of Granville avenue. Under these circumstances it is apparent from the evidence and the physical characteristics of the location in which the accident occurred that defendant's car emerged from behind the parked Yellow cab and immediately preceding the impact was traveling in a somewhat northeasterly direction as it approached Winthrop avenue.

Defendant has contended on all three appeals that plaintiff could not recover because she was not in the exercise of ordinary care for her own safety at and prior to the accident. The testimony relating to this question of fact is rather scant, as we said in our opinion on the second appeal, and is directed principally to the inquiry whether plaintiff looked toward the west after she had cleared the front end of the parked Yellow cab and before proceeding across Granville avenue. It is urged by defendant that plaintiff's testimony on the third hearing varied from her statements on the two former trials, and that the evidence of the Yellow cab driver, seated in his parked cab at the intersection, clearly discloses plaintiff did not look either to the east or west before crossing the street, after she had cleared the front end of the cab. Under the circumstances, defendant's counsel insist that there was no credible evidence adduced on behalf of plaintiff from which the jury could hold that she was in the exercise of ordinary care for her own safety. Nevertheless, two juries who heard the testimony, under proper instructions of the court, returned verdicts in her favor, and we are asked to hold as a matter of law that plaintiff was not in the exercise of ordinary care for her own safety, and to reverse the judgment of the trial court without remandment.

Plaintiff contends, of course, and argues at length that there was ample evidence upon which to base the

verdict and judgment below. However, in view of the state of the record and the law applicable thereto we deem it unnecessary to enter into a discussion and analysis of the evidence for the following reasons: It may be conceded that plaintiff could not recover unless she adduced evidence from which the jury could find that she was in the exercise of ordinary care and caution for her own safety. This being the crucial factual question in the case, defendant specifically requested the court to propound the following special interrogatory to the jury with the general verdict: "Was the plaintiff in the exercise of ordinary care and caution for her own safety in proceeding across Granville avenue, a through street, immediately prior to the happening of the accident? Answer yes or no." The jury answered the interrogatory "Yes," and also returned a general verdict for plaintiff, assessing her damages at $6,000. Subsequent to the trial defendant made a written motion for a new trial, alleging the following grounds: "1. The verdict is against the weight of the evidence. 2. The verdict is against the law. 3. The verdict is against the law and the evidence. 4. The court should have directed a verdict in favor of the defendant. 5. The court erred in denying defendant's motion for a directed verdict made at the close of the plaintiff's evidence. 6. The court erred in denying defendant's motion for a directed verdict made at the close of all the evidence. 7. The verdict is contrary to the instructions of the court. 8. There is no sufficient or substantial evidence tending to support the verdict of the jury. 9. The attorney for the plaintiff made improper remarks in the course of the trial and in the argument to the jury prejudicial to the defendant. 10. The verdict of the jury is excessive." However, defendant lodged no complaint against the jury's answer to the special interrogatory, which it had propounded, and made no motion to set aside or strike the answer of the jury

in its special verdict. In this state of the record plaintiff's counsel made a motion in this court, after the appeal was perfected and the briefs filed, to strike the portions of defendant's brief which deal with the question of contributory negligence, to which counter suggestions were duly filed by defendant. The question thus presented is whether defendant is now conclusively bound by the jury's answer to this special interrogatory, finding plaintiff "in the exercise of ordinary care and caution for her own safety." The law is apparently well settled that under the circumstances defendant is estopped from raising the question of plaintiff's want of care for her own safety, or the issue of contributory negligence. In the early case of *Town of Cicero v. Bartelme,* 114 Ill. App. 9, affirmed in 212 Ill. 256, one of the questions in issue was whether the defendant was guilty of any negligence in respect to the sidewalk upon which plaintiff fell and was injured. At defendant's request the trial court submitted to the jury the interrogatory, "Do you find from the evidence that the Town of Cicero was guilty of such negligence as caused the injuries complained of," to which the jury answered "Yes." In discussing the question under consideration, the court said (p. 12): "In the written motion of defendant for a new trial the statement that the verdict is against the evidence applies only to the general verdict of not guilty, and it was not alleged that the special finding was contrary to the evidence. It cannot therefore be here assigned as error that the special finding is contrary to the evidence and it is conclusive upon the question of the negligence of the defendant. *Voight v. Anglo-Amer. Prov. Co.,* 202 Ill. 462–466, and cases there cited."

In *Voight v. Anglo-American Provision Company,* 202 Ill. 462, the objection was also made that the verdict was against the weight of the evidence, but since the special findings of the jury, made pursuant to

interrogatories submitted to it, were not challenged as a ground for new trial, the court held (p. 466): "The objection that the verdict was against the weight of the evidence applied only to the general verdict and not to the answers of the jury to the special interrogatories submitted to be answered, as this court has already held. (*Avery v. Moore,* 133 Ill. 74; *Pennsylvania Coal Co. v. Kelly,* 156 Ill. 9; *Empire Machinery Co. v. Brady,* 164 Ill. 58) and that the special findings, not having been mentioned as a ground for new trial, could not be assigned as error in the Appellate Court, and that, such findings being unquestioned and substantially conclusive of the facts upon which the question of liability depended, the judgment could not, on the alleged error, be reversed."

Defendant does not seriously challenge the soundness of this rule of law, but subsequent to plaintiff's motion it filed a countermotion in this court for leave to amend the motion for a new trial filed in the trial court, by including as ground for a new trial the contention that there was no competent evidence in the record to sustain the special finding of the jury in its answer to the interrogatory submitted by defendant, and alleging that the special finding is against the weight of the evidence. And it is argued that we ought to allow this motion, pursuant to section 92 of the Practice Act, ch. 110, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.092], which defines the powers of the reviewing court and authorizes it in its discretion to exercise all or any of the powers of amendment of the trial court; to permit the record to be amended by correcting errors or by adding matters which should have been included; and by making any judgment or order which ought to have been given or made as the cause may require. It is also urged that section 4 of the act requires the court to construe the statute liberally, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties.

If defendant's motion were allowed it would eliminate consideration of the effect of the jury's answer to the special interrogatory and necessitate a reconsideration of all the evidence to determine whether or not the verdict was against the manifest weight of the evidence and also whether, as a matter of law, this court ought to hold that there was no evidence from which the jury could fairly find that plaintiff was in the exercise of ordinary care for her own safety. Moreover, it would substitute a ground for the granting of a new trial *which was never submitted to the trial court,* namely, an objection to the special finding of the jury which the trial court therefore never had an opportunity to pass upon, and it would require us to determine whether it was error for the trial court not to set aside the finding of the jury when it was never asked to do so by counsel.

It must be conceded, of course, that the right to appeal is statutory, and any party who wishes to avail himself of that statutory right must conform to the statute, and courts of review will not vary the application or interpretation of the rules to suit the contingencies of the particular case. (*Lewis v. Renfro,* 291 Ill. App. 396.) In conformity with this principle of law the Practice Act requires a written motion for a new trial, specifying the grounds relied on (Ill. Rev. Stat. 1937, ch. 110, sec. 68, par. 192). It was held in *People v. Hatcher,* 334 Ill. 526, that under the practice in this State decisions of the court made in the progress of the trial upon instructions, objections to evidence, or other matters of law arising in the cause which have been incorporated in a bill of exceptions, may be assigned for error and reviewed by an Appellate Court without any motion for a new trial, and are not waived by making a motion for a new trial if such motion is submitted without any points stated in writing; but "after a motion is made for a new trial, and the grounds thereof are stated in writing, the party is limited to the errors alleged in the written motion

and all other errors are deemed to have been waived. (*Chicago City Railway Co. v. Smith,* 226 Ill. 178; *Yarber v. C. & A. Co.,* 235 Ill. 589; *People v. O'Gara,* 271 Ill. 138; *People v. Cione,* 293 Ill. 321; *People v. Perlmutter,* 306 Ill. 495; *People v. Vickers,* 326 Ill. 290; *People v. Gabrys,* 329 Ill. 101.)''

In *People v. Amore,* 293 Ill. App. 505, the court cited the provisions of the Practice Act that if either party desired a new trial he should before final judgment file the points in writing specifying the grounds in such motion, and said (p. 508): ''The evident purpose of this act, and the reason for the holding of the Supreme Court in the various cases cited, in our opinion, is that the trial court be given an opportunity to correct its own errors, and that if such opportunity is not given, then and in that case, no errors, other than those noted in the written motion, may be urged in a court of appeal.''

Under the authorities there are several ways by which a party may escape from being conclusively bound by the special finding of a jury: (1) by specific objection to the special finding on the motion for a new trial, or (2) by filing a specific motion to set aside the special finding when the motion for a new trial is made. Defendant resorted to neither of these motions. Under the decisions in this State a motion to direct a verdict at the end of plaintiff's case is not sufficient to preserve such right, nor is the general objection that the verdict was contrary to the weight of the evidence. *Rockwood Sprinkler Co. v. Phillips Co.,* 265 Ill. App. 267, is precisely in point. In that case the defendant urged as its principal ground of defense that the contract between the parties had been abandoned or canceled by agreement, and at defendant's request the court submitted to the jury the following interrogatory: '' 'Do you find from the evidence in this case and under the instructions of the court that on or about the 25th or 26th of February, 1925, an agree-

ment was made between plaintiff and defendant to abandon the contract sued upon in this case?'" The jury's answer to this interrogatory was "No." Defendant subsequently filed a motion for a new trial but made no specific objection to the special finding, nor did it file any motion to set the finding aside. In commenting upon this state of the record, the court said (pp. 283, 284) quoting from the case of *Brimie v. Belden Mfg. Co.*, 287 Ill. 11: "'It has been held by this court that the defendant is conclusively bound by a special finding of fact such as is here involved unless error has been assigned thereon and the question has also been raised on the motion for a new trial. (Citing cases.) No motion was made by plaintiff in error to set aside this special finding of fact in the trial court nor was any error assigned thereon, either in the Appellate Court or this court. It is, however, contended here that the question was preserved by motion made by plaintiff in error in the trial court requesting that court to direct a verdict for plaintiff in error, and was also preserved in the motion for new trial by the general objection that the verdict was contrary to the weight of the evidence. Under the rulings of this court neither of these points can be sustained. . . . It is also argued by counsel that the general objection in the motion for a new trial that the verdict was contrary to the weight of the evidence was sufficient to question the validity of the special finding. We agree with the argument of counsel for plaintiff in error that a special finding is no more binding upon plaintiff in error than is the general verdict. The plaintiff in error is entitled to raise the correctness of a special finding on motion for a new trial, and may also take an appeal from the ruling of the trial court thereon. (*Illinois Steel Co. v. Mann*, 197 Ill. 186.) But the objection to the special finding must be specific, and it is not sufficient to simply raise the question by a general

objection that the verdict is contrary to the weight of the evidence.' ''

These decisions lead to the conclusion that defendant is estopped from raising the question of plaintiff's want of care for her own safety, or contributory negligence, on this appeal, unless its motion made here to amend the motion for a new trial in the superior court is allowed. While we recognize and are in accord with the contention that a liberal construction should be placed upon the Practice Act, we do not believe that it contemplates a disregard of the rules established by an unbroken line of decisions in this State. Moreover, it would be manifestly unfair to allow the substitution of an additional ground in support of the motion for a new trial which was never submitted to the trial court, and which it consequently never had an opportunity to pass upon, and to hold that the trial court was in error in failing to set aside the special finding of the jury when it was never asked to do so. If defendant were permitted to amend its motion for a new trial in one respect, there would be no logical reason for denying other amendments, with the result that the cause when presented on appeal might include various important considerations never called to the attention of the trial court, and thus change the whole aspect of the case. The very purpose of the motion for a new trial is to give the trial court an opportunity to correct its own errors, and if such opportunity is not given by calling the court's attention to the errors charged, the reviewing court would find itself at a loss to assign a valid reason for reversal. When defendant called the jury's attention to the crucial factual question in the case at bar it answered the interrogatory adversely to defendant. This answer, solemnly given, remained unchallenged and amounted to an implied admission by defendant that plaintiff had established a prima facie case on the issue of her care for her own safety. Under the circumstances, the court's

denial of the motion for a new trial was correct, and obviously we cannot fairly hold that the court should have ruled otherwise. Plaintiff's motion to strike the portion of defendant's brief dealing with the question of contributory negligence, as well as defendant's motion for leave to amend the motion for a new trial, were both taken under advisement with the case. In view of what we have said plaintiff's motion will be allowed and defendant's denied. As the result of this ruling there remains only the evidence relating to the alleged negligence of defendant's agent, who was driving the automobile at the time of the accident. On this question defendant states in its brief, on page 6, that "The Court is relieved from a consideration of the evidence on the question of the negligence of the driver of defendant's car except so far as may be necessary to determine whether the plaintiff was in the exercise of ordinary care." The amount of the verdict is not challenged, and no complaint is made that the cause was not otherwise fairly tried. The judgment of the superior court should be affirmed, and it is so ordered.

*Judgment affirmed.*

John J. Sullivan, P. J., and Scanlan, J., concur.