Peggy L. Orr, Administrator of the Estate of Charles E. Orr, Deceased, Plaintiff-Appellee, Plaintiff-Cross-Appellant, v. Morrison Motor Freight, Inc., Defendant-Appellant, and Dycus Oil Company, Inc., and Harold F. Henrichsmeyer, Defendants-Cross-Appellees.

Gen. No. 68–77.

Fifth District.

June 3, 1969.

Gordon Burroughs, Burroughs, Simpson and Burroughs, of Edwardsville, and Emerson Baetz, of Alton, for appellant.

J. Richard Royal, of Vandalia, and John H. Stern, of Indianapolis, Indiana, for appellee.

EBERSPACHER, J.

This is an appeal from a final judgment of a plaintiff administratrix against a corporate motor truck operator, Morrison Motor Freight, Inc., for the wrongful death

of plaintiff's husband, Charles E. Orr, in a highway collision. The judgment was originally entered for $50,000 upon the general verdict, but was reduced to $30,000, the statutory limit in effect at the time of death of plaintiff's intestate. (Ill Rev Stats 1963, c 70, §§ 1, 2.)

The death of plaintiff's intestate occurred when a truck driven by him ran into the rear end of defendant's tractor trailer truck; the latter was standing partially on the paved portion of the outer westbound lane of Interstate 70 in Fayette County, and was not in compliance with statutory regulations regarding the placing of lighted signals in advance of, and upon the roadway side of, such vehicle. (Ill Rev Stats 1963, c 95½, § 218.) Evidence was presented by plaintiff from which the jury could have found that the lights on the Morrison truck were not lighted as required by the statute (c 95½, § 202, Ill Rev Stats 1963) and that lighted signals were not placed to its rear in compliance with the statute.

A road service company, Dycus Oil Co., Inc., and its driver, Henrichsmeyer, who at the time of the collision was engaged in making the tire change on defendant-appellant's truck, were also parties defendant but were exculpated by the jury. The driver for defendant-appellant died (from causes other than the collision) before the suit was filed and his personal representative was not joined. Henrichsmeyer, although at the site of the collision, neither heard nor saw the truck driven by plaintiff's decedent approach, nor did he see the collision. The case was tried on both negligence and willful and wanton counts.

Motions for directed verdict were made by appellant, both at the close of plaintiff's evidence and at the close of all the evidence. All were denied. A post trial motion was filed by appellant and denied. The notice of appeal prays that this Court set aside the judgment, sustain appellant's motion for directed verdict made at the close of all the evidence notwithstanding the verdict of the jury

and prays judgment for appellant; in the alternative it prays that the cause be remanded for a new trial and such other relief as this Court deems necessary.

Appellant states its theory on appeal to be that, "The motions of defendant-appellant for a directed verdict in its favor under both counts of the amended complaint should have been sustained because (a) there was no evidence of a proximate causal relationship between the acts and omissions charged to the defendant-appellant, and (b) there was no evidence that the plaintiff's intestate was free of negligence or willful and wanton misconduct causing or contributing to cause his death." Appellant states the issues presented for review are: (1) Was there evidence of a proximate causal relationship between the acts and omissions charged to the defendant-appellant and the death of plaintiff's intestate so as to permit the cause to go to the jury?, and, (2) Was there evidence of freedom from negligence and willful and wanton misconduct on the part of plaintiff's intestate so as to permit the cause to go to the jury?

■   As we review these proceedings and presentment here, the issue has been narrowed to the question of whether or not as a matter of law the trial court erred in overruling appellant's motion for a directed verdict at the close of all the evidence. From our review of all the evidence, when viewed in its aspect most favorable to plaintiff, it does not so overwhelmingly favor appellant that no verdict for plaintiff could ever stand. Pedrick v. Peoria and Eastern Railroad Company, 37 Ill2d 494, 229 NE2d 504.

In this case, defendant submitted two special interrogatories to the jury:

1.  "Was Paul D. Holman, driver of the Morrison Motor Freight truck, guilty of willful and wanton misconduct proximately causing the death of plaintiff's intestate?" The answer of the jury was yes.

2.  "Was plaintiff's intestate in the exercise of due care and caution at and immediately prior to the time of the

210

collision, as alleged in plaintiff's complaint?" The answer of the jury was yes.

■ Neither below, nor in this Court, has appellant challenged the answers to the special interrogatories. Therefore, the question of whether there is evidence of defendant's willful and wanton misconduct which was the proximate cause of the death of plaintiff's intestate, and the question of whether there is evidence of plaintiff's contributory negligence is not before this Court. We note that the first interrogatory presented the question of proximate causal relationship between the acts and omissions charged to the appellant. The finding of the jury included in the answer to the second interrogatory being that plaintiff's intestate was in the exercise of due caution is tantamount to a finding that he was free of willful and wanton misconduct which caused or contributed to his death. The findings are substantially conclusive of the proximate causal relationship and plaintiff's intestate's exercise of due care and caution, the facts upon which, under appellant's theory, the issue of liability depended and which plaintiff allegedly failed to prove. We must under this state of the record, consider the special findings to have been fully sustained by the evidence. Freeman v. Chicago Transit Authority, 50 Ill App2d 125, 200 NE2d 128.

In Turnbull v. Porter, 55 Ill App2d 374, 206 NE2d 97, defendant contended there was no evidence of willful and wanton misconduct on the part of defendant. The jury, in answer to a special interrogatory found that he was guilty of willful and wanton misconduct. Defendant did not assign this finding of the jury as error in this post trial motion. The Court said:

"Defendant did not challenge the jury's answer to the interrogatory in the trial court and therefore the question of whether there is evidence of defendant's willful and wanton misconduct is not before us." 55 Ill App2d 374m, 206 NE2d 103.

211

The Court there relied upon Freeman v. Chicago Transit Authority, supra, and cited Forslund v. Chicago Transit Authority, 9 Ill App2d 290, 132 NE2d 801 and Voight v. Anglo-American Provision Co., in both the Appellate Court, 104 Ill App 423, and the Supreme Court, 202 Ill 462, 66 NE 1054. See also Lipscolm v. Coppage, 44 Ill App2d 430d, e, 195 NE2d 222, in which the plaintiff contended the verdict to be against the weight of the evidence in the post trial motion, but did not in that motion state that the answers to the special interrogatories were against the weight of the evidence. The Court in that case referred to Rubottom v. Crane Co., 302 Ill App 58, 23 NE2d 354, which describes ways a party may escape being conclusively bound by the special finding of the jury.

We are presented with no assignment of error as the basis for a new trial, and as a result we affirm the judgment.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.